## W. G. Dorrah *v.* Illinois Central Railroad Company.

1. Railroad Company. *Failure to stop train at station. Damages.*

   A railroad company is liable to a passenger for actual damages for failing to announce or give notice in some way of the station, and to stop its train long enough for him to get off with safety.

2. Same. *Failure to stop train at station  Exemplary damages.*

   But, in such case, in the absence of wilfulness or other conduct on the part of the railroad company tending to aggravate the wrong of such neglect, the passenger is not entitled to recover exemplary damages.

3. Same. *Negligence.  Mental suffering of passenger.  Evidence.*

   Nor, in such case, is evidence of mental suffering, arising from the separation of the passenger from his family, admissible, unless wilfulness or other conduct on the part of the company or its agents tending to aggravate the wrong be shown.

Appeal from the Circuit Court of Madison County.

Hon. T. J. Wharton, Judge.

This is an action by W. G. Dorrah against the Illinois Central Railroad Company to recover damages for an alleged failure to stop its train so as to permit plaintiff to get off. The evidence for the plaintiff on the trial tended to show that he bought a ticket at Jackson for Madison Station; that he boarded the train at Jackson; that the conductor came around soon afterwards, took up the ticket, and remarked, as he did so, " Madison Station;" that as the train approached Madison Station, no whistle or bell was sounded, nor was the name of the station called out; that the train barely slacked its pace, and did not stop; and that this was about two o'clock at night; that he had no opportunity to get off, and that he was carried to Canton, about twenty miles beyond, where he remained until next morning, when he returned on an accommodation train, paying his fare, thirty-five cents; that he was unable to work the following day, and that his services were worth $2.00 per day.

The plaintiff's counsel, in his examination of the plaintiff, asked him the following questions:

1. "What was the condition of your family that night?"

2. "Do you claim in making up your assessment of damages in

this suit that the failure to be put off at your station, and the remaining over at Canton all night away from your family, caused you great mental anxiety?" Neither of which would the court permit the witness to answer.

The defendant offered no evidence.

The court instructed the jury that they could not, in this case, give punitive damages, but must confine their verdict to actual damages. The jury found for the plaintiff, and assessed his damages at $2.35. The plaintiff appealed.

*G. W. Thomas*, for the appellant.

The court excluded by its ruling the condition of plaintiff's family, and his own mental anxiety consequent upon the forced separation from them upon that night.

We contend that this was error, for if the jury believed that the conductor had maliciously, wilfully, capriciously, or by gross negligence passed the station and failed to stop, then the question of mental anxiety should have been considered by them in making up their estimate of the amount of damages to assess. If they did not believe that it was done through gross negligence or desire to wilfully pass the station, yet we contend that the question of mental anxiety was a part of the actual damages in the case. See Sutherland on Damages, Vol. 1, pp. 70, 734 and 735; Vol. 3, p. 259.

*William Buchanan*, on the same side.

The court below erred in instructing the jury that plaintiff was entitled to only actual damages. The evidence tended to show willful, wanton, and reckless conduct on the part of the officers or servants of the railroad company—a total disregard of the rights of the plaintiff, and the amount of damages was a question for the jury. Redfield on Carriers, § 365, N. 16.

The plaintiff's ticket was taken up by the conductor between Jackson and Madison. He knew that he had passengers for Madison Station, and yet the whistle is not blown, the bell is not rung, the station is not announced, and the train is not stopped so as to allow the passenger to alight in safety, but is only slacked up. The conductor does not appear in the car again to see if the passenger for Madison Station had alighted, thus showing an utter indifference

to the rights of the plaintiff. This was "negligence so gross as to evince a reckless disregard of consequences." The plaintiff was given the alternative of jumping from the moving train, when it slacked up, or to remain on the train until it reached Canton. This having been shown by plaintiff, the burden was cast upon the defendant, to explain the cause of this conduct, and to exculpate itself.

2 Wait's Actions and Defenses, 90 and 92.

In the absence of any testimony for the defendant, and in view of the testimony for plaintiff, we think it was error for the court to instruct the jury that there was no proof of willful wrong, and that plaintiff was not entitled to recover more than the actual pecuniary loss sustained by him.

"Where there is any evidence, however slight, tending to support a material issue, the case must go to the jury."

Thompson on Charging the Jury, pp. 36 and 43.

Redfield on Carriers and Bailees, § 366.

*Chicago R. R. Co.* v. *Scurr*, 59 Miss. 456.

*Wilson v. N. O. & N. E. R. R. Co.*, 63 Miss. 352.

*V. & M. R. R. Co.* v. *Scanlan*, 63 Miss. 413.

Evidence of mental suffering should have been permitted to go to the jury.

Southerland on Damages, Vol. 1, pp. 724, 742; Vol. 3, p. 259.

*W. P. & J. B. Harris*, for the appellee.

This case is on all fours with the case of *Chicago R. R. Co.* v. *Scurr*, 59 Miss. 456.

The burden of proof was on the plaintiff to show recklessness, willfulness, or insult. Simply proving that the train was run by the station with nothing more, and this is the case at bar, does not make a case of willfulness, recklessness, or insult, and the court was correct in instructing the jury that it was not a case for punitive damages.

As to the question of burden of proof, replying to the citation to 2 Wait's Act. & Defs., p. 90–92. We say that running by the station without stopping was *prima facie* evidence of negligence, entitling the plaintiff to recover some damage, but it is not *prima facie* evidence of that kind of negligence which would entitle the plaintiff to recover punitive damages. The negligence which enti-

tles the plaintiff to punitive damages must be attended with circumstances of aggravation, and these are facts which are never presumed, but must be proven.

ARNOLD, J., delivered the opinion of the court:

It was obligatory on the railroad company to announce or give notice in some way of the name of the station on the arrival of the train at Madison Station, and to stop the train long enough for appellant to get off with safety, and the company was liable for any loss or injury sustained by him on account of this not being done. *Louisville N. O. & T. R. R. Co.* v. *Mask*, 64 Miss. 738.

Whether the failure of the train to stop at Madison Station resulted from inadvertence, or a willful disregard of duty and of appellant's rights, is not shown by the record. There is no testimony on this point, but it does appear that no special injury or damage was done to appellant, and that the jury allowed him full compensation for the loss of time and expense incurred by reason of his being carried beyond the place of his destination. In our judgment this was the just and lawful measure of his recovery, and the court below committed no error in instructing the jury that exemplary damages should not be awarded. In order to have justified the infliction of exemplary damages, or proof of mental anxiety occasioned by separation from his family, it was necessary for appellant to have shown that the failure to stop the train was willful, or that the wrong was aggravated in some manner by the railroad company or its employees. *Chicago R. R. Co.* v. *Scurr*, 59 Miss. 456; *V. & M. R. R. Co.* v. *Scanlan*, 63 Id. 413.

Mental suffering is not readily distinguishable from physical suffering, and to become an element of damages it must be based on bodily injury, or the injury by which it is produced must be attended by circumstances of malice, insult, or oppression. Pierce on Railroad, 302. *Johnson* v. *Wells*, 6 Nev. 224; *Wyman* v. *Leavitt*, 71 Maine 227; *Bovee* v. *Town of Danville*, 53 Vt. 183; *Canning* v. *Inhabitants of Williamstown*, 1 Cush. 451; *Trigg* v. *St. Louis &c. R. R. Co.*, 6 Am. & Eng. R. R. Cases 345.

*Affirmed.*