## L. S. HARLAN, Respondent, v. WABASH RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, April 2, 1906.**

1. **PASSENGER CARRIERS: Carrying Past Destination: Evidence: Damages.** Evidence in an action for carrying a passenger beyond his station and putting him off at the next station is reviewed and *held* sufficient to support a verdict of five dollars for actual damages.

2. ——: ——: ——: **Exemplary Damages.** A review of the evidence connected with the wrongful carrying of a passenger beyond his station is *held* sufficient to sustain a verdict for seventy-five dollars for exemplary damages.

3. ——: ——: **Negligence: Exemplary Damages.** Mere negligence resulting in taking a passenger beyond his destination does not justify exemplary damages, but where it was a willful and intentional wrong such damages may be assessed.

4. ——: ——: **Inconvenience: Passenger's Right.** The inconvenience of the carrier by reason of a heavy train is no excuse for the disregard of the passenger's rights to be left at his destination.

Appeal from Randolph Circuit Court.—*Hon. Alexander H. Waller,* Judge.

AFFIRMED.

*Geo. S. Grover* for appellant.

(1) The demurrer to the evidence should have been sustained. R. S. 1899, Sec. 798; Phleger v. Weltner, 21 Mo. App. 580; Waldheir v. Railway, 71 Mo. 514; Rawlings v. Railway, 97 Mo. App. 519. (2) The trial court should have instructed the jury to return a verdict in the defendant's favor at the close of the entire case. Authorities cited under point 1, supra. (3) This was not a proper case for the award of exemplary or punitive damages. State ex rel. v. Jungling, 116 Mo.

165; Dorsey v. Railway, 83 Mo. App. 543; Barnett v. Railroad, 75 Mo. App. 453. (4) The instructions given at the request of plaintiff and by the court of its own motion, were erroneous. Authorities cited under point II, supra; Marr v. Bunker, 92 Mo. App. 661. (5) The errors in the instructions given at plaintiff's request, and by the court at its own motion, were not cured by the correct instructions given at the request of defendant, because, it is impossible for this court to determine which guide the jury. followed. Wallis v. Westport, 82 Mo. App. 528; Lesser v. Railway, 85 Mo. App. 335; Herbert v. Shoe Co., 90 Mo. App. 317; School District v. Matherly, 90 Mo. App. 407; White v. Ins. Co., 93 Mo. App. 286-7.

*Aubrey R. Hammett* for respondent.

(1) Whether or not the railroad employees in charge of the train intentionally carried plaintiff by his destination, is a question of fact for the jury. This proposition will not be questioned. (2) The jury having decided "that the carrying by was intentional," the case becomes one for both actual and exemplary damages. Summerfield v. Transit Co., — Mo. —, 84 S. W. 172; Striker v. Leathers (Miss.), 13 L. R. A. 600; Ballard v. Railway (Ky.), 2 L. R. A. 694; Lyon v. Railway (Pa.), 2 L. R. A. 491; Purcell v. Railway (N. C.), 12 L. R. A. 113. (3) The three elements of actual damages are, 1, Costs of getting back to destination, 2 Loss of time, and, 3, Inconvenience. Owens v. Railway, 84 Mo. App. 148.

ELLISON, J.—Plaintiff's action is based on defendant's refusal to stop its train at his destination and carrying him to the next station beyond. He obtained a verdict for five dollars actual and seventy-five dollars exemplary damages.

There was evidence in plaintiff's behalf tending to show that he was a passenger on one of defendant's

passenger trains. That he boarded the train at St. Louis at about ten o'clock p. m. and that his destination was Clifton Hill near where he lived. That he was due to arrive at that place in the early morning a short time before daylight. The train failed to stop there and he was carried by to the next station. He got off at the latter place at a point about one hundred yards from the station house and in going up to the station in the dark he lost his hat. He borrowed a lantern and went back in search and found it. He was detained at this station for two or three hours when he was carried back to his destination, free of charge, on one of defendant's freight trains. In the circumstances, which the evidence shows in detail, we conclude that the verdict for five dollars actual damages was not excessive.

II. The evidence shows that plaintiff was traveling on what is known as a stock or shipper's pass, and it is admitted by defendant that under his contract he was entitled to have the train stop at Clifton Hill for him to alight. There is evidence tending to show that there was a collector and a conductor on the train in question. That when the collector passed through the car shortly after leaving St. Louis, he said to plaintiff that he must get off at Moberly, a station about twenty miles east of Clifton Hill, and that plaintiff made no answer. Again just before reaching Moberly, the collector again told him to get off at Moberly, and again he made no answer. Moberly is a division point, where the train stopped and changed engines and where another train doing local business and which stopped regularly at Clifton Hill, left about two hours after the train in controversy. After leaving Moberly, plaintiff handed the collector his pass when the latter demanded to know why he had not gotten off at Moberly as directed. Plaintiff replied that he had no business there, that that place was not his destination. The collector then told him the train would

not top for him at Clifton Hill. Plaintiff insisted that
it must and reminded him of other occasions when an
attempt was made to force him off at Moberly and yet
the conductor had stopped for him. The collector per-
sisted that it would not be done this time. He then of-
fered to give back to plaintiff his pass which the latter
refused to take. He then threw it down angrily and
went away. The conductor then came in and asked him
why he had not gotten off at Moberly—that it looked to
him like a little piece of contrariness and spite work.
Plaintiff answered, no, that he was due at home and
needed there; that he had already been detained one day.
The conductor then said, "Oh well, well, we will stop for
you, but it looks like you are putting the railroad to a
lot of trouble." As the train was approaching Clifton
Hill, he took his baggage and got out on the carstep, but
no stop was made. He returned inside and asked the con-
ductor what it meant. The latter answered that he tried
to stop it, but the air brake would not set—would not
work in response to his pulling the rope and that he had
lost his lantern in trying to signal the engineer. The
conductor, to show that the "air" would not work, took
hold of the rope, but plaintiff stated that he pulled it the
reverse way, than it should have been. Plaintiff asked
that he be allowed to try it and was refused. Plaintiff
testified that from his position on the car step he could
have seen if an effort had been made by lantern signal
and that he did not see any.

From the foregoing, we think the jury could reason-
ably infer and find that plaintiff was willfully and in-
tentionally, without lawful excuse, carried by his des-
tination and that exemplary damages were therefore
properly allowed. Mere negligence or inadvertence
resulting in taking a passenger beyond his destination
would not justify damages by way of punishment. But
the breach of duty which defendant owed to the plaintiff
was an unlawful act and the breach (under plaintiff's
testimony) was a willful and intentional wrong. In

such cases, exemplary damages may be had. [State v. Jungling, 116 Mo. 165; Dorsey v. Railway, 83 Mo. App. 543.] Such was stated to be the law in cases cited by plaintiff's counsel where a passenger was carried beyond his destination, and similar acts. [Ballard v. Railway, 88 Ky. 159; Lyon v. Railway, 123 Pa. St. 140; Purcell v. Railway, 108 N. C. 414; Stricker v. Leathers, 68 Miss. 803.]

We have examined the point made on the evidence as applied to plaintiff's petition, together with the instructions in the cause, and find that there is no substantial ground of complaint.

We have also noticed the reasons given in defendant's brief why it was inconvenient, on account of being a heavy train, etc., for defendant to stop its train at plaintiff's destination. But it would not do to permit the excuse of mere inconvenience or difficulty to justify a disregard of the right of a passenger to have its duty to him performed. The case as made by the record was one for the determination by the jury. If credit was given to the testimony for plaintiff and reasonable inferences drawn therefrom, the verdict on both branches of damage must be upheld. The judgment is accordingly affirmed. All concur.