GENTLE *v.* WESTERN UNION TELEGRAPH COMPANY.

Opinion delivered March 4, 1907.

TELEGRAPH COMPANIES—DAMAGES FOR MENTAL DISTRESS—CONFLICT OF LAWS.—Where the telegraphic message announcing the death of a brother was sent from another State to a person in this State, and by the negligence of the telegraph company was not delivered promptly, the telegrah company is liable for damages for mental distress caused by such negligence, though such damages are not recoverable in the State from which the message was sent. *Western Union Telegraph Co.* v. *Ford,* 77 Ark. 531, followed.

Appeal from Mississippi Circuit Court; *Frederick D. Fulkerson,* Judge; reversed.

*J. T. Coston,* for appellant.

This court has already settled the only question involved in this appeal. 92 S. W. 529; 77 Ark. 531.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

BATTLE, J. This is an action for damages under the mental anguish statute for failure of defendant to deliver to plaintiff a telegram in the following words, omitting signature, date and address, towit: "Your brother was killed by an engine to day. Come at once." The complaint alleges that there was between him and his brother a near, tender and affectionate relation, which was known to the defendant; that said message reached the Osceola office at 2:15 o'clock in the afternoon of the day it was sent; that he was then residing, and could have been found, within 250 yards of defendant's office, but, by reason of its negligence and indifference toward plaintiff, said message was not delivered to him until nine o'clock A. M. of the following day, when it was too late for plaintiff to attend the funeral and burial of his brother.

Defendant filed an answer, the third paragraph of which is in the following language, towit:

"Said message was sent from the State of Missouri to the State of Arkansas, and under the laws of Missouri there could be no recovery for mental anguish unattended by physical injury."

Plaintiff demurred to this paragraph of the answer on the ground that it did not state facts constituting a defense to plaintiff's cause of action.

The demurrer was by the court overruled, and, plaintiff electing to stand on his demurrer and refusing to amend or plead further, the complaint was dismissed, and plaintiff appealed.

The only question in this case is, was the fact the message was sent from Missouri, where the law does not authorize the recovery of damages for mental anguish unaccompanied by physical suffering, to this State sufficient to defeat an action for negligently failing to deliver the message in this State, it being its place of destination? This question was decided in the negative in *Western Union Telegraph Co.* v. *Ford,* 77 Ark. 531.

The judgment of the circuit court is reversed, and the cause is remanded with directions to the court to sustain the demurrer.