SARAH DALTON *et al.* v. THE KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY.

No. 15,273.   (96 Pac. 475.)

SYLLABUS BY THE COURT.

1. DAMAGES—*Passenger Negligently Carried beyond Destination.* Where a passenger on a railroad is negligently carried beyond his destination he is entitled, in the absence of other inculpatory circumstances, to recover as damages therefor a reasonable sum for loss of time, necessary expenses incurred, and, in addition thereto, fair compensation for inconvenience experienced, if any, on account of such action of the railroad company.

2. ——— *Amount of Award a Question for the Jury.* On a trial for damages in such a case, where there is any evidence tending to establish a right to recover, the amount to be awarded is a question for the jury and should not be withdrawn from their consideration.

3. ——— *Same.* Where, in such a case, the jury return special findings of fact wherein the different elements of damage are stated separately, as follow: for loss of time, $1; expenses, $2.50; inconvenience, $300, the court can not, on a motion to reduce the amount of the general verdict, set aside the finding for inconvenience and render judgment for $3.50, if there is any evidence upon which such finding could have been based for any amount.

Error from Anderson district court; CHARLES A. SMART, judge. Opinion filed June 6, 1908. Reversed.

STATEMENT.

SARAH and Jennie Dalton are sisters. At the time
of the transaction out of which this action arose Sarah
resided near Fontana, in Miami county, with her
father; Jennie was then living with a sister at Moline.
Sarah was twenty-four years of age and Jennie twenty.
On August 27, 1899, they met by appointment at Kan-
sas City. On August 28, at 9:45 in the evening, they
left Kansas City together on the defendant's passenger-
train for Fontana, where the train was due at 11:30
that night. Sarah bought a round-trip ticket when she
left Fontana; Jennie bought a ticket for Fontana at
Kansas City. The train did not stop at Fontana; it
went to La Cygne, the next station, eight miles from
Fontana. At La Cygne a freight-train was standing
ready to leave for Fontana. The plaintiffs and their
baggage were transferred to the caboose of that train
and taken back to Fontana, where they, with their
baggage, were left on the depot platform. There were
no lights in or about the station, but the plaintiffs were
acquainted there, and they walked about a block and
a half to a hotel, where they aroused the inmates, who
assisted them by getting a livery team to take them
home and placing their baggage in the hotel. They
reached home about two o'clock that night, and re-
turned the next day and got their baggage. Their
brother came to the station at Fontana to meet them,
and was there when the train passed.

They each commenced an action in the district court
of Miami county, March 30, 1900, one of which was
tried in December, 1900, and the other in February,
1901. One of them recovered judgment for $300. The
railroad company prosecuted proceedings in error to
this court, where the case was reversed. (*Railroad Co.
v. Dalton*, 65 Kan. 661, 70 Pac. 645.) The other case
was also reversed. (*Railroad Co. v. Dalton*, 66 Kan.
799, 72 Pac. 209.) In the first case the district court

instructed the jury that "annoyance, fright and mental anguish" were proper elements of damage in such a case, and for this the judgment was reversed.

The cases were subsequently tried in the district court, where the plaintiffs again recovered, and a new trial was granted by that court. The trial, which is now here for review, was had March 19, 1906. The two cases were tried together, and each plaintiff recovered a verdict for $303.50. This amount was, by special findings made by the jury, apportioned as follows: For loss of time, $1; expenses, $2.50; inconvenience, $300. Upon the application of the railroad company the court struck out the sum of $300 and entered judgment for each plaintiff in the sum of $3.50. The application was based upon two grounds, which read:

"(1) There was no evidence justifying any damages for inconvenience and trouble, for which the jury assessed damages against the defendant in the sum of $300 in favor of the plaintiff.

"(2) Because the amount allowed for inconvenience and trouble is not a proper element of damages in assessing or estimating plaintiff's damages herein."

The plaintiffs bring the case here for review.

*Frank M. Sheridan,* for plaintiffs in error.

*W. F. Evans, I. P. Dana,* and *A. L. Berger,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: The only question presented in this case relates to the measure of damages. The act of the railroad company in carrying the plaintiffs beyond their destination, in the absence of other inculpatory facts, amounts to a mere breach of contract. The rule of damages in all such cases is compensation for loss of time and expenses incurred on account of the non-performance of the contract. There is an entire absence in this case of any wantonness, violence or insulting or oppressive conduct on the part of the railroad com-

pany's employees, such as must be shown before exemplary damages can be awarded; and no physical injury was received upon which damages for mental pain and anguish may be based. The damages must, therefore, be limited to such as are proper in the ordinary case where a contract has been violated. (6 Cyc. 589; 5 A. & E. Encycl. of L. 690-697; *Northern Central Railway Co. v. O'Conner,* 76 Md. 207, 24 Atl. 449, 16 L. R. A. 449, 35 Am. St. Rep. 422; *Dorrah v. Illinois Central R. R. Co.,* 65 Miss. 14, 3 South. 36, 7 Am. St. Rep. 629.)

It has been urged in argument that inconvenience is recognized as a proper element of damages in cases of this nature, in addition to those before mentioned; and authorities have been cited which sustain this contention. Undoubtedly the rule is that inconvenience, when of a substantial character, is a proper element of damages; but it does not follow that a recovery may be had therefor in every case where a passenger is carried beyond his destination. When, in such a case, the passenger, in order to get back to where the railroad company should have left him, is compelled to walk a long distance through the mud or in inclement weather and in the night, or is compelled to endure any other material inconvenience on account of the conduct of the railroad company, damages will be awarded therefor, in addition to compensation for loss of time and expenses incurred. (6 Cyc. 589; *Walsh v. The Chicago, Milwaukee & St. Paul Railway Company,* 42 Wis. 23, 24 Am. St. Rep. 376; *East Tenn., Va. & Ga. Railroad Co. v. Lockhart,* 79 Ala. 315; *Central Railroad Co. v. Strickland,* 90 Ga. 562, 16 S. E. 352; *Houston & T. C. R. Co. v. Crone* [Tex. 1896], 37 S. W. 1074.)

The amount of such damages should in all cases be limited to a fair and reasonable compensation for the inconvenience suffered. As applied to this case, the plaintiffs did not expect to reach their home station until about 11:30 at night, when they were to be met

by their brother, who would take them home, two miles; and a half in the country, in a carriage. They reached home about two o'clock that night—less than two hours, later than if their expectations had been realized. At La Cygne their baggage was removed from one train to the other, and they were guided from train to train through the darkness by the employees of the railroad. company; their baggage was placed upon the platform at Fontana upon the arrival of the freight-train; they suffered no indignities or insults, and were not unkindly treated in any respect. On the contrary, they and their baggage were as well cared for as could be expected under the circumstances. No suggestion as to the condition of the weather has been made, and it may therefore be assumed to have been an ordinary summer night. The plaintiffs were young women, in good health. All the facts, taken together, show that the inconvenience suffered by them of which the law can take notice was very slight, and may be fully compensated with a small sum. The amount awarded by the jury was grossly excessive. Where there is any evidence of inconvenience the question of damages should be submitted to the jury, under proper instructions. If, when so submitted, the jury return an excessive sum, the court should either submit to the plaintiff the alternative of accepting an amount deemed sufficient by it or a new trial or set the finding aside as excessive and grant a new trial. When in the judgment of the trial court there is no evidence tending to show the existence of a substantial inconvenience the question of damages therefor should not be submitted to the jury.

In this case we think there was some evidence of inconvenience suffered by the plaintiffs; slight, but too much to deprive them of the right to have it submitted to a jury. (*Brown, Adm'r, v. A. T. & S. F. Rld. Co.,* 31 Kan. 1, 1 Pac. 605.) In submitting this element of damages to the jury all considerations of sentiment, fright, mental suffering and other facts which enter

into and constitute exemplary damages should be elim-
inated, and the damages limited to a reasonable com-
pensation for the physical labor and annoyance suf-
fered. The court, in setting aside the special finding
of the jury as to inconvenience, must have done so
upon the assumption that there was an entire absence
of evidence upon that subject. For this reason the
judgment must be reversed. This case has been pend-
ing many years, and a large amount of costs has ac-
cumulated. It seems proper, therefore, to suggest to
the trial court that, as a means of obtaining an early
and final adjustment of the controversy, the plaintiffs
now be tendered an opportunity of accepting an amount
which the court deems reasonable, and, in case of re-
fusal, grant a new trial. If the case be retried the
court should distinctly direct the jury as to the limited
matters which enter into damages for inconvenience.

The judgment of the court is reversed, with direction
to proceed in accordance with the views herein ex-
pressed.