FANNIE LEE MCINTURF, *Appellee*, v. THE WESTERN
UNION TELEGRAPH COMPANY, *Appellant*.

No. 16,241.

### SYLLABUS BY THE COURT.

1. DAMAGES—*Trouble and Inconvenience—Married Woman— Delay in Delivering a Telegram.* Where a telegram to a married woman living with her husband, announcing the death of a relative, is negligently delivered two days late and with the date changed so that it seems to have been just sent, thereby causing her to make a fruitless journey in an effort to attend the funeral, she is entitled to compensation for her trouble and inconvenience, although she loses no time excepting such as would otherwise have been devoted to the service of her husband, and he pays all the expenses incurred.

2. ———— *Amount of Award—Element Improperly Included— Proper Element Omitted.* In such a case, where the compensatory damages are necessarily small but the circumstances justify a considerable award of smart money, and the jury make a total award in round numbers, the verdict will not be disturbed on account of the inclusion of a small sum for loss of time which was inadmissible on that account but might properly have been allowed for trouble and inconvenience.

3. ———— *Parties Entitled to Recover—Agency—Husband and Wife.* Where a telegram is sent to a married woman, and by reason of a delay in its delivery and a change in its date she makes an unnecessary journey, she is entitled to recover the charges made for sending it, for which the sender has been reimbursed, and for delivering it, although these amounts were paid for her by her husband at her request.

4. ———— *Exemplary.* The facts of the case held to authorize the award of punitive damages.

Appeal from Scott district court; CHARLES E. LOB-
DELL, judge. Opinion filed January 8, 1910. Affirmed.

*George H. Fearons, Charles Blood Smith,* and *Samuel Barnum,* for the appellant; *D. A. Banta,* of counsel.

*E. P. Rochester, W. H. Russell,* and *Frank U. Russell,* for the appellee.

The opinion of the court was delivered by

MASON, J.: On May 13, 1907, a relative sent to Fannie Lee McInturf, a married woman living with her husband about five miles from Scott City, Kan., a telegram from Salida, Colo., stating that her brother had died there the day before and asking her to come if possible. No delivery was made on that day or on the next. On the 15th the company delivered the message, but with a change in the date so that it appeared to have been sent the same day, and collected $2.50 for the delivery. Mrs. McInturf and her husband started at once for Salida, arriving there the next evening, only to find that the funeral had been held that morning and that the body had been taken to Missouri. She sued the telegraph company and recovered a judgment for $500, from which the defendant appeals.

The jury allowed $11 specifically for loss of time, and doubtless allowed also $2.50 on account of the payment for the delivery of the message and 50 cents for the amount paid by the sender, as the instructions authorized such allowances. The remainder of the verdict was necessarily made up of punitive damages. The serious question in the case is whether there were any compensatory damages to support the award of smart money. It is evident that the plaintiff did suffer a real injury for which she was entitled to substantial compensation. The error in the date of the telegram occasioned her an unnecessary and fruitless journey and necessarily subjected her to some hardship and annoyance. Since the jury found this was due to the fault of the company, she had a right to recover a sum sufficient to compensate her for her trouble and inconvenience, as an item distinct from loss of time and expenses incurred (*Dalton v. Railroad Co.*, 78 Kan. 232), and with this feature of the case the husband has no concern. The occasion for recognizing in-

convenience as an independent ground of recovery.has generally arisen where passengers have been ejected from trains, but there is no reason why the same rule should not apply in a case of this sort.  This item was not mentioned in the instructions in the enumeration of the elements of damage, and therefore in strictness can not be said to be shown to have been included in the award.  Probably both the court and the jury intended it to be covered by the expression "loss of time." The fact that a verdict was returned for the round sum of $500 indicates clearly that the result would have been the same however the amount of compensatory damages might have been apportioned.  The jury manifestly found that a real injury had been sustained, warranting the allowance of some damages of that character—not large, but substantial—more than merely nominal.  They also found that the circumstances were such as to call for exemplary damages, and, there being no definite guide for assessing these, they selected a round number for the gross sum.  Under these conditions the judgment ought not to be reversed for any error in naming the items of compensatory damages or in fixing their amount.  Such a situation presents no occasion for modifying the judgment, much less for granting a new trial.

The appellant maintains, upon the authority of *City of Wyandotte v. Agan,* 37 Kan. 528, and similar cases, that as the plaintiff was living with her husband, performing the ordinary duties of domestic life, being engaged in no occupation in her own behalf, she was not entitled to recover anything for loss of time.  If so, the effect of any error in connection with the allowance made on that account could readily be eliminated by deducting $11 from the amount of the judgment. But for the reasons already stated there seems to be no occasion for that course.  The judgment is no larger than it would have been had this allowance not been

McInturf v. Telegraph Co.

made. The small sum can not be an excessive award for the plaintiff's trouble and inconvenience, for which she was not otherwise compensated. And the defendant is contesting the item, not really to reduce the judgment, but to destroy the foundation for the punitive damages.

The evidence tended to show that the plaintiff had reimbursed the sender of the telegram for the charge made for sending it, her husband furnishing the money for the purpose; and that her husband also furnished the $2.50 charged for its delivery, and perhaps made the payment himself. The appellant insists that the right to recover these payments vested in the husband, not in the wife. We think otherwise. The telegram was sent to the wife in a matter personal to her. She reimbursed the sender and thereby accepted and ratified the act done on her account. (*West v. Telegraph Co.*, 39 Kan. 93.) That she obtained the money for the purpose from her husband can have no bearing on the matter. The charge for delivering the message was for a service to her, it was exacted of her, the obligation was hers personally, and even if her husband in fact made the payment he did it on her account and at her request, and it was virtually her act.

The evidence justified submitting to the jury the question of allowing punitive damages. The case was not one of a mere error in transcribing the words of a telegram. The date of the filing of the dispatch was necessarily known to the company. Its contents showed that a delivery on the 15th would be too late for its purpose; that if delivery were then made in its original form the recipient could see that the time for acting upon it had passed; but that if the date were changed to the 15th she would not know of the delay and might act upon it. To expose her willfully or through indifference to the making of a journey of the

character it suggested was an act warranting a jury in allowing more than compensatory damages.

Various errors are alleged in the admission of evidence, but there seems no likelihood that any of the matters complained of could have influenced the verdict. The judgment is affirmed.