## LILLY v. ST. LOUIS & S. F. R. CO.

No. 1249.   Opinion Filed March 12, 1912.

(122 Pac. 502.)

1.   **CARRIERS—Negligence—Rights of Passenger.**  Plaintiff, a passenger upon one of defendant's trains, had purchased a ticket from defendant's agent at one of its stations to another station upon defendant's road; but, in order for her to reach her destination, it was necessary that she change at an intervening station to another train upon another of defendant's lines of railway. She was without knowledge as to her route or where she would be required to change. Before reaching the destination at which she was required to change, she made repeated efforts to ascertain from defendant's servants and employees in· charge of the train information regarding her route and as to where she would have to change; but they disregarded her and failed and refused to instruct her as to where she would have to make the change. on account of which she was carried beyond the junction point off her route and to a town where she was required to take passage upon another railway than defendant's, in order to reach her destination, and expended an additional sum for fare and was caused to suffer a loss of time and certain inconveniences. **Held,** that a petition, stating in substance the foregoing facts, stated a cause of action against defendant railway company, and a general demurrer thereto should not have been sustained.

2.   **SAME—Negligence of Employees—Exemplary Damages.**  Where defendant's employees willfully neglected and refused to give plaintiff the information requested as stated above, plaintiff may in such case recover exemplary damages.

(Syllabus by the Court.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Action by Lena Lilly against the St. Louis & San Francisco Railroad Company.  Judgment for defendant, and plaintiff brings error.  Reversed and remanded.

*McNeal & Allen,* for plaintiff in error.

*W. F. Evans, R. A. Kleinschmidt,* and *J. H. Grant,* for defendant in error.

HAYES, J.  This suit was brought by plaintiff in error, plaintiff below, to recover damages of defendant in error, defend-

ant below, alleged to have been sustained by her as a passenger on defendant's road by being carried by a station where she had to change cars in order to reach her destination. The judgment of the trial court was against plaintiff upon a general demurrer to her petition. After alleging in her petition that on the 27th day of July, 1908, she purchased from the agent of defendant at Mansfield, Mo., a ticket from that point to Ardmore, Okla., to which latter point she desired to be transported for the purpose of being at the bedside of her mother, who was seriously ill and was not expected to live, she alleges as follows:

"Plaintiff further states that she boarded defendant's train at Mansfield, Mo., on July 27, 1908, and was carried to Springfield, Mo., where, under the guidance of defendant's servants, she alighted from said train and took passage upon another of defendant's trains; that she was unacquainted with the route over which she was to travel; that she was relying wholly upon the employees of defendant to direct her how to travel in accordance with her ticket; that while the train upon which she was passenger was approaching Sapulpa, Okla., she made repeated efforts to ascertain from defendant's servants information regarding the route and as to change of cars, if any, but that said servants disregarded her efforts and ever failed and refused to instruct her as to the proper course; that upon arrival at Sapulpa said servants immediately left the trains without instructing her as to any change to be made, and she had no further opportunity of inquiry, and relying upon her said ticket, she stayed aboard said train, believing that it would take her to her destination, while, in fact, because of gross, willful, and wanton negligence of said defendant and its servants in not directing her how to travel, and in not informing her that she would have to change trains, when requested as aforesaid, unknowingly and without fault on her part, remained aboard a train of defendant's other than the one which would deliver her to her destination; and that she was carried to another destination other than the one to which her ticket entitled her to passage, in a manner and under the circumstances hereinafter set forth."

She further alleges that after the train departed from Sapulpa the conductor or auditor in charge of said train, whose duty it was to take notice of the provisions of her ticket, negligently, willfully, and wantonly failed and refused to notify her that she was aboard the wrong train; that she was carried to Oklahoma

City, the terminus of defendant's line of road, and there discharged about 1 o'clock p. m. on July 28th; that because of her inability to continue her journey on the line of defendant company, she was compelled to remain at Oklahoma City until 1:30 a. m. July 29th, and then continue her journey to her destination over the Atchison, Topeka & Santa Fe Railway, which was the quickest and best route available to her; that on account of the lack of money, she was compelled while delayed in Oklahoma City to accept the hospitality of strangers and greatly humiliated thereby; that she was greatly worried because of the delay, and because of the fact that she was being kept away from her mother's bedside; that she suffered mental pain and anguish and physical exhaustion; that she was unprepared to hear of her mother's death on her arrival; that a physician's services were required; that because of aforesaid willful and wanton negligence of defendant, she was required to pay the sum of $2 additional railway fare, in order to reach her destination; and she prays judgment for the sum of $2 as compensatory damages and for the sum of $1,997 as punitive damages.

Defendant's demurrer is directed first against plaintiff's entire petition, upon the ground that it fails to state a cause of action against defendant; and, secondly, is directed especially against that portion of the petition whereby plaintiff seeks to recover punitive damages. Counsel for defendant, in an able and exhaustive, brief, insist that the petition is defective in stating a cause of action, because it is not alleged that the train on which she rode was not stopped at Sapulpa sufficient length of time to enable her to change, and it is not alleged that sufficient notice of the arrival of the train at Sapulpa was not given by the servants of defendant to enable her to make the necessary change; and we presume that the trial court regarded the absence of these allegations a fatal defect in the cause of action attempted to be alleged by plaintiff.

It is well-settled law that a railway company is not required to give a passenger special notice of the arrival of a train at the passenger's destination, and that it has discharged its duty if its servants in charge of a train upon its approach to the station call

out in the coach the station in a manner intelligible to the passengers. The carrier is under no obligation, in the absence of special circumstances, to see that a passenger departs from the train at his destination. It is the duty of the passenger to inform himself so that he may know at what station he must depart, and be prepared to do so upon the arrival of the train at such station. But the gravamen of plaintiff's complaint in this case is not that she did not have notice of the arrival of the train at Sapulpa, nor that the train did not stop a sufficient length of time to enable her to change trains. The gist of the negligence alleged is that upon inquiries by her of the servants of the company in charge of the train upon which she rode, before reaching Sapulpa, for information that would enable her to know where she would have to make the change, the carrier's servants neglected and refused to give her such information. It is the duty of a carrier to furnish those who take passage upon its trains sufficient information to enable them to embark upon the trains by which they can reach their destination, and that they may be enabled to pursue their journey without unnecessary danger or delay. Section 1129, Hutchison on Carriers (2d Ed.). It is the duty of the passenger, upon learning en route that he must change cars to reach his destination, to ascertain where he should make such change; and if he fails to do so and is carried over a wrong line, the railway company is not liable, unless he was misled by its agents or servants. *St. L. & S. W. Ry. Co. v. McCollough,* 18 Tex. Civ. App. 534, 45 S. W. 324.

But how is a passenger to obtain this necessary information? Evidently from the servants of the railway in charge of the train upon which the passenger rides. The method by which public travel upon railways for long distances is effected renders it necessary that the railway companies shall, through their agents and servants, upon passenger trains instruct the passengers thereon upon inquiry how they may reach their destination. In the transfer to connecting carriers, in the change of trains upon the same line of railway, in the transfer of coaches from the main lines to branch lines, and *vice versa,* and in the discontinuance of trains at the end of divisions and in the addition of new sections,

no one, often, other than the persons in charge of the train upon which a passenger rides, to whom the passenger has access, is able to furnish the information required by the passenger to enable him to know where and when he must make change of trains in order to reach his destination. It would be practically impossible for the agent of any station of a railway company to know at all times all the details relative to transfer and change of trains that must take place in a single journey of long distance upon a single system of railway, much less of the many changes that may and do take place in journeys over many different systems or lines. It is a matter of common knowledge and experience that the traveling public do resort to the employees in charge of the respective trains upon which they ride for information relative to all necessary changes; and that such information is uniformly furnished by such employees. In the instant case, when the servants of the company in charge of the train were requested by plaintiff to furnish her with information as to where it would be necessary for her to change trains, it became their duty to inform her; and their failure to do so constitutes, in our opinion, such negligence as renders the company liable in damages for all injury proximately resulting therefrom. Necessary expenses, incurred by plaintiff in reaching her destination after having been carried negligently beyond the junction point where she should have changed cars, but failed to do so on account of the refusal of defendant to inform her of the place of change, a reasonable sum for loss of time and a fair compensation for the inconveniences experienced by her, are all proper elements of damages for which she can recover. *Dalton et al. v. K. C., Ft. Scott & M. R. Co.*, 78 Kan. 232, 96 Pac. 475, 17 L. R. A. (N. S.) 1226, 16 Ann. Cas. 185; *Trigg v. St. L., K. C. & Northern Ry. Co.*, 74 Mo. 147, 41 Am. Rep. 305.

It is not specified in defendant's special demurrer to plaintiff's petition in what respect it fails to state facts entitling plaintiff to recover exemplary damages; and if the court gave the special demurrer any separate consideration, the record does not disclose upon what ground it was sustained. Counsel for defendant in error suggests in his brief only two grounds, and we shall

notice those only. He first contends that exemplary damages are not recoverable by plaintiff, because her petition fails to show her entitled to recover actual damages. It is well settled that, in the absence of actual damages, there can be no recovery of exemplary damages (*Adams v. City of Salina,* 58 Kan. 246, 48 Pac. 918; *Cole v. Gray,* 70 Kan. 705, 79 Pac. 654; *Boardman v. Grocery Co.,* 105 Iowa, 445, 75 N. W. 343); but it follows, from the conclusion we have already reached, that this reason for sustaining the special demurrer does not exist, for plaintiff under the allegations made is entitled to recover actual damages. Counsel for defendant quotes from *Cady v. Case,* 45 Kan. 733, 26 Pac. 448, as follows:

"Our own decisions for a long time have established that whenever elements of fraud, malice, gross negligence, or oppression may be in the controversy, the law allows the jury to give what is called exemplary or vindictive damages. Where the testimony discloses gross and wanton negligence on the part of the defendant, the jury may award exemplary damages, and an instruction to that effect is not error."

He also concedes in his brief that the foregoing excerpt states the law, but counsel insists that the facts alleged in the petition do not invoke this rule. We think the same principle that governs the right of a passenger to recover exemplary damages in cases where a passenger has been carried beyond his destination by fault of the carrier in not stopping its train or in failing to give notice of the train's approach to the station of the passenger's destination, is applicable to this case; and that, while in the absence of recklessness, willfulness, wanton or gross negligence the railway company is not liable to the passenger for exemplary damages, if, on the other hand, there is willful or reckless negligence, recovery of such damages may be had. *V. & M. R. R. Co. v. Scanlan,* 63 Miss. 413; *Birmingham Railway, Light & Power Co. v. Nolan,* 134 Ala. 329, 32 South. 715; *Chicago, St. L. & New Orleans Ry. Co. v. Scurr,* 59 Miss. 456, 42 Am. Rep. 373; *Dorrah v. Ill. Cent. Ry. Co.,* 65 Miss. 14, 3 South. 36, 7 Am. St. Rep. 629; *Memphis & Cincinnati Packet Co. v. Nagel,* 97 Ky. 9, 29 S. W. 743; *Harlan v. Wabash Ry. Co.,* 117 Mo. App. 537,

94 S. W. 737; *Samuels v. Richmond & Danville Ry. Co.,* 35 S. C. 493, 14 S. E. 943, 28 Am. St. Rep. 883; *Louisville & Nashville Ry. Co. v. Ballard,* 88 Ky. 159, 10 S. W. 429, 2 L. R. A. 694.

The action of defendant complained of in the case at bar is not one of simple omission to perform a duty; the negligent act does not consist of misdirecting plaintiff or wrongfully informing her, but of intentional and willful refusal to give to her information under circumstances that made it the duty of the carrier and its servants to give her. If the allegations of the petition be true—and for the purpose of the demurrer they are assumed to be—approaching the very station where it was necessary for plaintiff to depart from the train to make a change of cars in order to reach her destination over defendant's line of railway on which she had bought a ticket, plaintiff not only once, but repeatedly, made an effort to ascertain from defendant's servants such information regarding her route as would enable her to know where to change cars; but her efforts were disregarded and the necessary instruction refused her. This willful negligence on the part of defendant's employees resulted in her being carried off her route, delayed in her journey, and ultimately landed at a point on defendant's road where she was compelled to take passage over another railway company's line in order to reach the end of her journey. Upon the grounds urged in the briefs, the special demurrer should not have been sustained.

The judgment of the trial court is reversed, and the cause remanded.

TURNER, C. J., and KANE and DUNN, JJ., concur; WILLIAMS, J., not participating.