# Strause Gas Iron Company *v.* Western Union Telegraph Company, Appellant.

*Telegraph and telephone companies—Failure to deliver message—Measure of damages—Contract.*

Where the contract of a telegraph company provides "that the company shall not be liable for mistakes or delays in the transmission or delivery of any unrepeated message beyond the amount received for sending the same, and "in any event shall not be liable for any mistakes in the transmission or delivery, or for the non-delivery of this message whether caused by the negligence of its servants or otherwise beyond the sum of fifty dollars," recovery may be had against the company in the sum of $50.00 where it appears that a message had not been delivered by reason of the company's negligence, and that the loss resulting was in a substantial amount.

Argued Oct. 20, 1914.  Appeal, No. 114, Oct. T., 1914, by defendant, from judgment of Municipal Court, Phila. Co., Jan. T., 1914, No. 126, for plaintiff on case tried by the court without a jury in suit of Strause Gas Iron Company v. Western Union Telegraph Company. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.    Affirmed.

Assumpsit for failure to deliver a telegraph message. Before GILPIN and WHEELER, JJ.

At the trial it appeared that plaintiff on July 23, 1913, delivered to the defendant at one of its offices in Philadelphia, an "unrepeated" night letter for transmission and delivery to Louis J. Strause, secretary and treasurer of plaintiff corporation, then stationed at the Morton House, Grand Rapids, Michigan. It is admitted by defendant in its answer that said night letter was never delivered. The night letter suggested that the plaintiff's secretary and treasurer should visit the city of Minneapolis, and as a consequence of defendant's failure to deliver this message, it is alleged that a special trip from Philadelphia to Minneapolis

was necessitated, for the expenses of which plaintiff sought to recover in this action.

The contract provided, inter alia, as follows:

This is an unrepeated message and paid for as such, in consideration whereof it is agreed between the sender of the message and this company as follows:

"1. The Company shall not be liable for mistakes or delays in the transmission or delivery, or for non-delivery, of any unrepeated message, beyond the amount received for sending the same; nor for mistakes or delays in the transmission or delivery, or for non-delivery of any repeated message, beyond fifty times the sum received for sending the same, unless specially valued; nor in any case for delays arising from unavoidable interruption in the working of its lines; nor for errors in cipher or obscure messages.

"2. In any event the company shall not be liable for damages for any mistakes or delay in the transmission or delivery, or for the non-delivery of this message, whether caused by the negligence of its servants or otherwise, beyond the sum of $50.00, at which amount this message is hereby valued, unless a greater value is stated in writing hereon at the time the message is offered to the company for transmission, and an additional sum paid or agreed to be paid on such value equal to one-tenth of one per cent. thereof."

The court entered judgment for plaintiff in the sum of $50.00.

*Error assigned* was in entering judgment for plaintiff in the sum of $50.00.

*W. B. Linn,* with him *H. B. Gill* and *George H. Fearons,* for appellant, cited: Passmore v. Western Union Telegraph Co., 78 Pa. 238; Primrose v. Western Union Telegraph Co., 154 U. S. 1; Williams v. Western Union Tel. Co., 203 Fed. Rep. 140; Dodge v. Adams Express Co., 54 Pa. Superior Ct. 422; Adams Express Co. v. Croninger, 226 U. S. 491.

*Julius C. Levi* and *David Mandel, Jr.,* for appellee, cited: Adams Express Co. v. Croninger, 226 U. S. 491; Dodge v. Adams Express Co., 54 Pa. Superior Ct. 422; Ridge v. Erie R. R. Co., 54 Pa. Superior Ct. 602; Bailey v. Western Union Tel. Co., 227 Pa. 522.

OPINION BY HEAD, J., February 24, 1915:

The plaintiff delivered to the defendant company, at the office of the latter in the city of Philadelphia, a message to be transmitted thence to the secretary of the plaintiff company at Grand Rapids, Michigan. The message was never delivered, and by reason thereof the plaintiff suffered certain damages, to recover which it brought this action. There was ample evidence to warrant a finding that the failure to deliver the message, and the consequent substantial damages, resulted from the negligence of the defendant and its servants. The defendant offered no evidence to rebut such inference. As the record stands then, the loss sustained by the plaintiff is attributable to the negligence of the defendant.

The contention of the parties to this appeal is limited to the measure of damages which should be applied to such established facts. The two opposing theories are respectively based on two different sections of the written conditions, subject to which the plaintiff agreed the message was accepted. The first of these, being the one on which the defendant relies, is as follows: "The company shall not be liable for mistakes or delays in the transmission or delivery or for nondelivery of any unrepeated message beyond the amount received for sending the same, etc." As the message in this case was properly classified as an unrepeated message, the defendant contended in the court below and here that its liability was limited to the tariff rate which had been demanded and received for the transmission and delivery of the lettergram. It was further stipulated in the contract that, "In any event the company shall not

be liable for damages for any mistakes or delay in the transmission or delivery or for the nondelivery of this message, whether caused by the negligence of its servants or otherwise, beyond the sum of fifty dollars, at which amount this message is hereby valued, etc." The learned trial judge, as well as the court in banc, held this to be the controlling clause under the circumstances of this case and entered judgment in favor of the plaintiff for $50.00.

It was clearly pointed out in the opinion filed by the learned court below that the long-established policy of the state of Pennsylvania, with respect to the right of common carriers to limit their liability for their own acts of negligence, had necessarily to be abandoned in view of recent federal legislation and the decisions of the supreme court of the United States construing such legislation. Such necessary change has been fully commented upon by this court in our own cases of Dodge v. Express Company, 54 Pa. Superior Ct. 422 and Ridge v. Erie Railroad Company, 54 Pa. Superior Ct. 602, and what we there said need not here be repeated. But whilst we recognize, as we must, the right of a common carrier now to rely on an agreement, accepted by its patron seeking its services, that its liability, even in case of its own negligence, shall be restricted to a sum specified, the carrier must be able to point to the clause in the agreement which clearly and unequivocally binds the shipper to accept such a result in case of loss or damage suffered by him.

The defendant company might have failed to deliver the plaintiff's message because of the mistake or negligence of some connecting carrier, or by reason of some accident to the means of transmission not resulting from its own negligence, or from many other conceivable causes not traceable directly to such source. There is no line or word in the first clause of the contract we have quoted which in terms refers to a failure to transmit or deliver by reason solely of the defendant's own negli-

gence.   Every word contained in that clause may be given due weight if the clause be confined to failures to transmit and deliver not directly traceable to an act of negligence.   In the second clause we have quoted the defendant company does expressly stipulate that even in case of a failure to transmit and deliver, caused by the negligence of its own servants, its liability is to be limited to the sum of $50.00.

As we view it therefore it ought to follow, not only from a strict interpretation of the language of the two clauses but as well from an adherence to their spirit, that the second clause should be adjudged to be the one controlling under the circumstances presented by this record.   The plaintiff produced evidence to show he had suffered substantial damages in excess of this amount. The defendant therefore has suffered no wrong by the judgment of the learned court below confining its liability to the sum of $50.00.   The assignments of error are overruled.

Judgment affirmed.

Judge KEPHART dissents.