No. 19,815.

CHARLES C. BAILEY, *Appellee and Appellant,* v. THE WESTERN UNION TELEGRAPH COMPANY, *Appellant and Appellee.*

No. 20,078.

CHARLES C. BAILEY, *Appellee,* v. THE WESTERN UNION TELEGRAPH COMPANY, *Appellant.*

#### SYLLABUS BY THE COURT.

1. TELEGRAM—*From Vermont to Kansas—Delay—Action for Damages —By What Law Governed.* Where a telegraph message is sent from Vermont to Topeka and the receiver pays the charges, his right to recover damages for delay in the delivery of the message is governed by the laws of this state, except as modified by acts of congress.

2. SAME—*Interstate Commerce—Damages Governed by U. S. Statutes.* Under the act of congress of June 18, 1910 (Part 1, 36 U. S. Stat. at Large, ch. 309, pp. 539, 544), a rule of an interstate telegraph company limiting its liability on account of its negligence in the delivery

of an interstate message to certain sums governed by the classification of the message is valid and binding, and damages can not be recovered beyond the amount named.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed April 8, 1916. Affirmed.

*Edwin D. McKeever,* and *Edwin E. Brookens,* both of Topeka, for the plaintiff.

*Charles Blood Smith,* and *Samuel Barnum,* both of Topeka, for the defendant; *George H. Fearons,* and *Albert T. Benedict,* both of New York, N. Y., of counsel.

The opinion of the court was delivered by

MARSHALL, J.: In this action the plaintiff seeks to recover ninety cents actual and $1200 exemplary damages for delay in the transmission and delivery of a telegram notifying the plaintiff of his father's death.

1. The defendant, for a part of its answer, set up as a defense that the contract for the transmission and delivery of the message was made in Vermont; that no negligence was committed on the part of the defendant in Kansas; that any negligence, if any, in the transmission and delivery of the telegram occurred exclusively within the state of Missouri, and that by the laws of the states of Vermont and Missouri a master is not liable for punitive or exemplary damages unless the master participated in, authorized, or ratified the tort committed by the servant; and that the defendant did not participate in, authorize, or ratify the breach of any duty committed by its servants in the transmission of the telegram. A demurrer to this part of the answer was sustained. From this the defendant appeals.

There is some conflict in the decisions of the courts of this country concerning the liability of a telegraph company for exemplary or punitive damages for failure to deliver a message, where by the law of the state from which the message was sent such damages can not be recovered. We think the rule is that for failure to deliver a message the person to whom it is sent can recover such damages as is permitted by the law of the state in which the message was to be delivered, although

that law may be contrary to the law of the state from which it was sent. Supporting this proposition, see *North Packing & Provision Co. v. W. U. Tel. Co.,* 70 Ill. App. 275; *Howard v. Western Union Tel. Co.,* 119 Ky. 625, 86 S. W. 982, 7 Ann. Cas. 1065; *Western Union Telegraph Co. v. Lacer,* 122 Ky. 839, 93 S. W. 34, 5 L. R. A., n. s., 751; *Western Union Telegraph Co. v. Hill,* 163 Ala. 18, 50 South. 248, 23 L. R. A., n. s., 648; *Gentle v. Western Union Telegraph Co.,* 82 Ark. 96, 100 S. W. 742; *Balderston v. Telegraph Co.,* 79 S. Car. 160, 60 S. E. 435; *Carnahan v. The Western Union Telegraph Company,* 89 Ind. 526. Exemplary damages have been allowed in this state under similar circumstances. (*Telegraph Co. v. Gilstrap,* 77 Kan. 191, 94 Pac. 122; *McInturf v. Telegraph Co.,* 81 Kan. 476, 106 Pac. 282.)

Can the plaintiff recover under the laws of this state, when the negligence of the defendant, if any, occurred in Missouri? The message should have been delivered promptly to the plaintiff in Topeka. The delay in the delivery of the message caused the injury for which this action is brought. That delay may have been caused by the defendant's negligence in Missouri, but the plaintiff's action is not for that negligence. It is for delay in delivering the message in Kansas. The message was to be transmitted from Vermont to Topeka, not from Vermont to Missouri and then from Missouri to Topeka. The plaintiff's right to recover, so far as the laws of the several states through which the message passed are concerned, is governed by the laws of this state. The plaintiff's demurrer to this part of the answer was properly sustained.

2. The answer alleged that the receipt, transmission and delivery of the message was a part of interstate commerce and was governed by the act of congress approved June 18, 1910 (Part 1, 36 U. S. Stat. at Large, ch. 309, pp. 539, 544), and that by the defendant's rule its liability was limited in case of an unrepeated message to the amount received for sending the same, and in case of a repeated message to fifty times the sum received; in no event to exceed $50. A demurrer to this defense was overruled. From this the plaintiff filed a cross-appeal.

Attached to the defendant's answer as "Exhibit A" was a

copy of the telegram, on the back of which this language appeared:

"All messages taken by this company are subject to the following terms which are hereby agreed to. To guard against mistakes or delays, the sender of a message should order it repeated, that is, telegraphed back to the originating office for comparison. For this, one-half the unrepeated message rate is charged in addition. Unless otherwise indicated on its face, this is an unrepeated message and paid for as such, in consideration whereof it is agreed between the sender of the message and this company as follows:

"1. The company shall not be liable for mistakes or delays in the transmission or delivery, or for nondelivery, of any unrepeated message, beyond the amount received for sending the same; nor for. mistakes or delays in the transmission or delivery, or for non-delivery of any repeated message, beyond fifty times the sum received for sending the same, unless specially valued; nor in any case for delays arising from unavoidable interruption in the working of its lines; nor for errors in cipher or obscure messages.

"2. In any event the company shall not be liable for damages for any mistakes or delay in the transmission or delivery, or for the non-delivery of this message, whether caused by the negligence of its servants or otherwise, beyond the sum of fifty dollars, at which amount this message is hereby valued, unless a greater value is stated in writing hereon at the time the message is offered to the company for transmission, and an additional sum paid or agreed to be paid based on such value equal to one-tenth of one per cent thereof.

"3. The company is hereby made the agent of the sender, without liability, to forward this message over the lines of any other company when necessary to reach its destination.

"4. Messages will be delivered free within one-half mile of the company's office in towns of 5000 population or less, and within one mile of such office in other cities or towns. Beyond these limits the company does not undertake to make delivery, but will, without liability, at the sender's request, as his agent and at his expense, endeavor to contract for him for such delivery at a reasonable price.

"5. No responsibility attaches to this company concerning messages until the same are accepted at one of its transmitting offices; and if a message is sent to such office by one of the company's messengers, he acts for that purpose as the agent of the sender.

"6. The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission.

"7. No employee of the company is authorized to vary the foregoing."

Can the plaintiff recover damages other than those specified in the defendant's answer and in the printed rules as set out in the exhibit attached thereto?

The defendant argues that congress has taken exclusive control of interstate telegraphic business by the amendatory act of June 18, 1910 (Part 1, 36 U. S. Stat. at Large, ch. 309, pp. 539, 544). By this act interstate commerce in telegraph messages is placed under the control of the interstate commerce commission. Under this act, common carriers of interstate commerce may limit the amount of the recovery on account of damage inflicted to the property of a shipper by the carrier's negligence, and these limitations have been held valid and binding. (*Kirby v. Railroad Co.*, 94 Kan. 485, 146 Pac. 1183, and cases there cited; *Horse & Mule Co. v. Railway Co.*, 95 Kan. 681, 683, 149 Pac. 436; *Ray v. Railway Co.*, 96 Kan. 8, 149 Pac. 397.) The rules that justify common carriers of interstate commerce in limiting their liability for their negligence also justify interstate carriers of telegraph messages in limiting their liability for their negligence.

Prior to the passage of the act of congress in June, 1910, whatever may have been the law governing the right to recover damages on account of the delay in the delivery of telegraph messages, since the passage of that act the decisions appear almost unanimous that the limitations on the liability of telegraph companies for damages caused by delay in delivering the messages are governed by the regulation above set out, and that no other recovery can be had. (*West. Un. Tel. Co. v. Brown*, 234 U. S. 542, 34 Sup. Ct. Rep. 955, 58 L. Ed. 1457; *H. B. Williams v. Western Union Telegraph Co.*, 203 Fed. 140; *Western U. Teleg. Co. v. Dant*, 42 App. D. C. 398; *Western Union Telegraph Co. v. Compton*, [Ark. 1914] 169 S. W. 946; *Western Union Telegraph Co. v. Johnson*, [Ark. 1914] 171 S. W. 859; *Western Union Telegraph Co. v. Simpson*, [Ark. 1915] 174 S. W. 232; *Western Union Tel. Co. v. Bilisoly*, 116 Va. 562, 82 S. E. 91; *W. U. Tel. Co. v. N. B'k. Berryville*, 116 Va. 1009, 83 S. E. 424; *Strause Co. v. West. Un. Tel. Co.*, 59 Pa. Super. Ct. 122; *White v. Western Union Telegraph Co.*, 33 I. C. C. 500.) The demurrer to this part of the answer was properly overruled.

It follows that the judgments are affirmed.