JOHN CARR *vs.* WEST END STREET RAILWAY COMPANY.

Middlesex.     January 22, 1895. — April 2, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Evidence as to Habits.*

At the trial of an action for personal injuries occasioned to the plaintiff, and for damages caused to his horses and wagon, by collision with the defendant's street car, testimony as to the plaintiff's habits is not admissible to contradict evidence that he was intoxicated at the time of the accident, nor is it admissible to meet the testimony brought out by the plaintiff on cross-examination of a witness for the defendant that the plaintiff had been seen intoxicated several times before the accident, as, the latter testimony being immaterial, the plaintiff was not entitled to contradict it.

TORT, for personal injuries occasioned to the plaintiff, and for damages caused to his horses and wagon, by collision with a street car of the defendant. At the trial in the Superior Court, before *Mason*, C. J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, in substance as follows.

The defendant introduced evidence tending to show that the plaintiff was at the time of the collision under the influence of liquor, and that his condition contributed not only to the acci-

dent, but to the extent of the injury which he claimed to have received therefrom.

One Story, who was conductor of the car and who had been in the employ of the defendant for fourteen years, testified for the defendant that he saw the plaintiff approaching, and watched him; that he acted stupid; that as he raised him up from the street, and when he was assisting him inside, he could smell his breath; and that after the plaintiff sat down in a chair the witness made the remark that the man was intoxicated.

On cross-examination, the same witness testified that he had his eye on the plaintiff because he had seen him intoxicated several times before on the street while on his wagon, and that he had seen him intoxicated while on his wagon since the accident.

In rebuttal, the plaintiff called one Hursch, who testified that he had known the plaintiff as a carter of brick for twenty years, and that he had employed him for nearly eighteen years.

" *Q.* Did you ever see Mr. Carr intoxicated? *A.* Never. He was a very sober, industrious man, very reliable. Never knew him to be under the influence of liquor."

To this question and answer the defendant objected, but the judge allowed them; and the defendant excepted.

" *Q.* Now, will you state more particularly as to his habits as to drink? *A.* I never knew that he drank a drop in my life. Never knew him to. He may have drunk, but I never knew him to."

This question and answer were also objected to by the defendant, but the judge allowed them; and the defendant excepted.

*W. B. Sprout*, for the defendant.

*M. P. Beckett*, for the plaintiff.

HOLMES, J. The testimony as to the plaintiff's habits was not admissible to contradict the evidence that he was intoxicated at the time of the accident. Neither was it admissible to meet the testimony brought out by the plaintiff on cross-examination, that he had been seen intoxicated several times before the accident. The latter testimony was immaterial, and the plaintiff was not entitled to contradict it. *McCarty* v. *Leary*, 118 Mass. 509. *Shurtleff* v. *Parker*, 130 Mass. 293, 297. *Lamagdelaine* v. *Tremblay*, 162 Mass. 339. *Alexander* v. *Kaiser*, 149 Mass. 321. *Harrington* v. *Lincoln*, 2 Gray, 133.

*Exceptions sustained.*