WADE ADAMS v. THE CITY OF SALINA.

No. 9851.

1. KILLING BY MOB — *in action for, by next of kin, evidence of deceased's reputation and conduct competent for defense.* In an action against a city by the next of kin of one killed by a mob within the corporate limits, the reputation and conduct of the deceased may be given in evidence in mitigation of damages. Such testimony is not confined to the general reputation of the deceased, but any misconduct or crime, committed within a reasonable time prior to the killing, which may have influenced the mob or which would affect the value of his life to the next of kin, may be shown.

2. ———— *proof that deceased had pleaded guilty to criminal charge, rebuttal going only to circumstances of plea — not to innocence — immaterial.* After the city had offered proof that the deceased had entered a plea of guilty upon a criminal charge, the plaintiff offered to show that when the plea of guilty was entered by the deceased he protested that he was innocent, and also that the plea was entered by him without the advice of counsel and through fear of a mob; but the offer was refused: *Held,* that there being no offer to show that the deceased was

innocent of the charge, no material error was committed in excluding the testimony.

3. EXEMPLARY DAMAGES— *allowed only where actual damages proved.* Exemplary damages can never be recovered by one who has suffered no actual damage. *Schippel v. Norton*, 38 Kan. 567.

Error from Saline District Court. Hon. R. F. Thompson, Judge. Opinion filed May 8, 1897. *Affirmed.*

*Garver & Larimer* and *Bond & Osborn*, for plaintiff in error.

*David Ritchie*, for defendant in error.

JOHNSTON, J. On April 20, 1893, Dana Adams was charged with assaulting another with a deadly weapon with intent to kill, and upon a plea of guilty, was sentenced to confinement and hard labor in the penitentiary for a term of seven years. On the evening of that day, while he was in the custody of the sheriff in Salina on his way to the penitentiary, he was seized by a mob and killed. At the time of his death he was nineteen years of age. His father, Wade Adams, brought this action, alleging that in the death of his son he had sustained a loss of five thousand dollars. The jury awarded him only two dollars; and he now complains of the rulings of the court in the admission of testimony and in charging the jury. Testimony was received as to the reputation and conduct of Dana Adams for several years immediately prior to his death. His reputation as to honesty, economy, and industry was shown to be very bad; and the jury found that he had the reputation of being a lazy, thievish, and turbulent person. In addition to testimony of his general reputation, specific cases of the commission of crime were proved, including larceny, conducting a gambling house, and

assault with intent to kill; and further, that on two occasions he had entered a plea of guilty to criminal charges.

In our view, no error was committed in receiving the testimony. The action is brought under the statute which makes incorporated cities and towns liable for damages that accrue within the corporate limits in consequence of the action of mobs. The second section of the act provides that "in all actions under the preceding section the character, use or manner of occupancy of the property lost or destroyed, and the reputation and conduct of the person injured, may be given in evidence in mitigation of damages." Gen. Stat. 1889, ¶ ¶ 2590, 2591. In the absence of the statute, a civil action to recover from the city for the death of a person injured or killed could not be maintained, and those who claim under it must take the right subject to the limitations upon recovery expressed in the statute. Recognizing that a liability was being placed upon innocent citizens of the municipality as well as upon those who were guilty of wrong-doing, the Legislature provided that the damages might be diminished by showing the character and use of the property lost or destroyed, and also the reputation and conduct of the person injured. Under the statute the bad reputation or misconduct of the person killed, which may have influenced the action of the mob or which would affect the value of his life to the father, was a proper consideration for the jury. If the property destroyed by a mob is used as a hiding-place for criminals or a shelter for vice, the facts may be shown in mitigation of damages; and if the life of the person injured has been given up to vice and crime, that, too, may be considered in determining

1. Reputation and conduct admissible in evidence, when.

the extent of the city's liability. Of course, inquiry as to reputation and conduct must be limited to a reasonable time prior to the injury or death, and it was so restricted in the present case.

Complaint is made that the testimony in mitigation of damages extended beyond general reputation, and included specific acts of wrong-doing. It will be observed that the statute does not limit the inquiry to reputation alone, but the added word, "conduct," has broadened it so as to authorize testimony of specific acts. The word is defined as "personal deportment; mode of action; and behavior;" and the Legislature, having added a word of this meaning, evidently intended to extend the character of the testimony which might be received.

Testimony was given as to the plea of guilty and conviction of Dana Adams on the day of his death. On rebuttal, the plaintiff offered to show that after the arrest of Dana Adams there was talk of mob violence; that when arraigned at the bar by the court he protested that he acted in self-defense; that he was told that if he did not plead guilty he would be mobbed; and that the plea of guilty was entered by him without the advice of counsel and solely through fear of mob violence.

2. Circumstances attending plea of guilty, immaterial.

Upon objection, the testimony was excluded. There was no offer upon his part to show that he was innocent of the charge. The statements made by him at the time of his plea of guilty, and the fact that he may have entered the same through fear of violence, do not of themselves show that he was innocent of the crime, and therefore no material error was committed in excluding them.

Complaint is also made of the ruling of the court in refusing to charge the jury that, if the City of Salina was grossly negligent in permitting the mob to

take the life of Dana Adams, punitive or exemplary damages might be allowed.

3. Exemplary damages not allowed, when.

If more than compensatory damages can ever be recovered against a city in cases of this kind, it is certain that exemplary damages are not recoverable in the present case. From the findings of the jury, it appears that no actual damage was suffered; as only nominal damages were awarded. It has been expressly decided that exemplary damages can never be recovered by one who has suffered no real or actual damages. *Schippel v. Norton*, 38 Kan. 567.

The judgment of the District Court will be affirmed.