JULIUS MILLER, RESPONDENT v. BULLION-BECK & CHAMPION MINING COMPANY, A CORPORATION, APPELLANT.

1. *Master and Servant—Evidence—Pleadings.*

In an action to recover damages for personal injuries, alleged to have been caused through the negligence of defendant, the court, against objection, permitted a witness for plaintiff to testify, in effect, that defendant's foreman was an inebriate. The foreman had not been sworn as a witness and the evidence was not offered for the purpose of affecting his credibility. It did not appear that the accident was the result of any drinking habits of the foreman, that he was connected with the occurrence or contributed to the injury or that he was intoxicated on the day of the injury. *Held,* that the admission of the evidence was improper. *Held,* further,

the fact that it was alleged in the complaint, that the defendant "negligently and carelessly had in its service an incompetent, careless, negligent and unfit foreman, who negligently and carelessly and in an unskillful manner, directed and controlled the workings" of the mine where the plaintiff was at work, does not entitle plaintiff to introduce evidence which in no way connects the inebriety of the foreman with the injury.

2. *Instructions—Reliance on Representations and Promises — Due Care.*

Where the court, in effect, charges the jury that if they believed that representations were made that the ground where plaintiff was at work, was all right, and promises made to plaintiff to timber same, as testified by plaintiff, and that he relied thereon, then as matter·of law, he did not assume the risk. and that if they found such representations and promises were made, he was entitled to recover, *held*, error, in that it took from the jury the question of due care on the part of plaintiff after the promises and representations had been made, if the jury found that they were made, the evidence being conflicting, and appears to make his reliance on the promise, the test regardless of the reasonableness of such reliance under the surrounding circumstances.

3. *Non-Suit—Prima Facie Case.*

When the plaintiff rested his case, he had introduced evidence to show that the timbering in the place where he was employed, was insufficient. He had shown that he had reported the dangerous character of the ground where he was working, to the agents of his employer; that they had promised to watch the place and timber it when necessary, and told him it was safe and that he should continue his work; and that relying upon their promises and representations, he continued to work and received the injuries of which he complained, *held*, the motion for non-suit was properly denied.

( Decided November 11, 1898. )

Appeal from the District Court Juab County, Hon. E. V. Higgins, *Judge*.

Action by plaintiff against defendant for damages for

personal injuries alleged to have been caused through the negligence of the defendant company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*W. C. Hall, Esq.,* and *Messrs. Bennett, Harkness, Howat, Bradley & Richards,* for appellant.

This case is one of the clearest illustrations either of an assumed risk or an entire absence of negligence that we have been able to find. The court erred in denying defendant's motion for a non suit. *Fowler* v. *P. V. Coal Co.,* 52 Pac., 396; *McGlynn* v. *Brodie,* 31 Cal. 377; *Butte* v. *Coal Co.,* 14 Utah, 282; *Cook* v. *Mining Co.,* 12 Utah, 57; *Bunnell* v. *Railway Co.,* 13 Utah, 314; *Bunt* v. *Mining Co.,* 11 Sawy., 178, 24 Fed., 847; same case, 138 U. S. 483; *Kilroy* v. *Foss,* 161 Mass., 138; *Coal Co.* v. *Muir,* 20 Colo., 320; *Naylor* v. *Railway Co.,* 53 Wis., 661.

A promise to repair after the completion of certain work does not relieve the servant of the assumption of the risk until such time has expired. *Standard Oil Co.* v. *Helmuck,* 47 N. E., 14; *Paule* v. *Florence Mining Co.,* 80 Wis., 354.

Where the danger is imminent, the promise does not excuse the servant. 2 Bailey's Per. Inj. relating to M. & S., Sec. 3117; *Erdman* v. *Illinois Steel Co.,* 69 N. W., 993; *R. R. Co.* v. *Spear,* 44 Mich., 169; *Anderson* v. *Daly,* 50 Pac., 818.

Plaintiff was not entitled to introduce evidence of the inebriety of the foreman unless the same was connected with the injury to the plaintiff. *Kingston* v. *Ft. Wayne & E. Ry. Co.,* 70 N. W., 315; *Williams* v. *Edmunds,* 75 Mich., 92; same case, 42 N. W., 534; *Fahey* v. *Crotty,* 63 Mich., 383; same case, 29 N. W., 876. See also: *Pokreifka* v. *Mackurat,* 91 Mich., 399; *Klein* v. *Bayer,* 81 Mich., 234; *Culley* v. *Walkeen,* 80 Mich., 443.

In many cases it has been held error to admit testimony of habits of intoxication where it is not shown that such habits had anything to do with the accident. *Ward* v. *R. R. Co.*, 55 N. W., 771.

*F. H. Holzheimer, Esq.*, and *Messrs. Powers, Straup & Lippman*, for respondent.

The rule of assumed risk does not apply where the master by leading on the servant or co-ercing him into danger or in some other way directly contributes to the injury. *Chicago Drop Forge Co.* v. *Van Dam*, 149 Ills. 337; *McKee* v. *Tourtellotte*, 167 Mass. 69; *Schlacker* v. *Ashland Mining Co.*, 50 N. W. 839; *Parker* v. *R. R.*, 48 S. C. 364.

Whether he acted recklessly in obeying his master's orders, or whether he acted as a reasonably prudent man would act, are questions of fact to be determined by the jury. *Illinois Steel Co.* v. *Schymanowski*, 162 Ills. 447; *Chicago Brick Co.* v. *Sobkowiak*, 38 Ills. Appl. 531.

Respondent had a right to rely on the superior knowledge of his master and yield his judgment and obedience to that of his master. *Harrison* v. *Ry. Co.*, 7 Utah, 523; *Stephens* v. *Hannibal, etc. R. R. Co.*, 9 Am. St. 336; 2 Thompson on Neg., 975; *Keegan* v. *Kavanaugh*, 62 Mo. 230; *Faren* v. *Sellers & Co.*, (La.) 4 Am. St. 256; *Iron Co.* v. *Erickson*, 39 Mich. 492; *McGowan* v. *R. R.*, 61 Mo. 532; *Jackson* v. *R. R. Co.*, 77 Ga. 82.

The master and servant do not stand upon an equal footing even when they have equal knowledge of the danger. *Shortel* v. *St. Joseph*, 104 Mo. 144; *Ballard* v. *Ry. Co.*, 51 Mo. App. 453; *Foges* v. *Ry. Co.*, 50 Mo. App. 250.

Plaintiff's knowledge under the circumstances of this

case but raised a question for the jury.  *Schroeder* v. *R. R.*, 108 Mo. 323; *Miller* v. *U. P.*, 12 Fed. Rep. 600; *Norfolk* v. *R. R.*, 24 L. R. A. 717; *Dumas* v. *Stone*, 25 Atl. 1097; *Nadam* v. *Lumber Co.*, 43 N. W. 1135; *Schlitz* v. *Brewing Co.*, 59 N. W. 188, 59 N. W. 531; *R. R. Co.* v. *Duffield*, 47 Am. Rep. 319.

BARTCH, J.

This action was brought to recover damages for personal injuries, alleged to have been caused through the negligence of the defendant company.  At the trial the jury returned a verdict in favor of the plaintiff for the sum of $6,000.  Judgment was then entered for that sum, and thereupon the defendant appealed.

The appellant insists, *inter alia*, that the court erred in permitting the witness Kirby, over its objection, that it was immaterial, irrelevant and incompetent, to answer the question:  "Do you know whether he was a drinking man?"  This question referred to one J. W. Roundy, who was foreman of appellant's mine, when the accident, which caused the injury complained of, happened.  Other inquiries of like character were permitted, against objection, and evidence adduced to show that Roundy was an inebriate.  This evidence was so admitted while the plaintiff was attempting to establish a *prima facie* case against the defendant.  Roundy had not yet been sworn as a witness in the case, and the evidence was not offered for the purpose of affecting his credibility as a witness, but for that of establishing negligence on the part of the defendant.  Nor does it appear that the accident was the result of any drinking habits of Roundy, or that he was in any manner connected with the occurrence, or that any act of his contributed to the injury.

However reprehensible habits of inebriety may be, on the part of a person who has charge of a mine, the operations of which are always attended with more or less danger to the workmen, such habits cannot render the employer liable for an injury sustained by an employé when they are not the proximate cause of the injury. It follows that, where, as in the case at bar, the intoxication of the foreman is in no way connected with the accident which resulted in the injury complained of, evidence of such intoxication is inadmissible to show negligence on the part of the employer. The fact that it was alleged in the complaint that the defendant "negligently and carelessly had in its service an incompetent, careless, negligent, and unfit foreman, who negligently and carelessly, and in an unskillful manner directed and controlled the workings" of said mine where the plaintiff was at work, does not entitle the plaintiff to introduce evidence which in no way shows that any act or negligence of the foreman contributed to the injury, or connects the inebriety of the foreman with the occurrence. Even though the appellant has in its employ a negligent and careless foreman, the company is not liable for his careless acts, unless such acts are the proximate cause of an injury, and, on the other hand, the company is liable for the careless acts of its agent, however prudent and cautious he generally may be.

This is not a case of an injury caused by the act of a fellow-servant, where an allegation of negligence, in the employment by, or retention in the service of the master, is necessary, to rebut the assumption of the risk of the carelessness of the fellow-servant. The allegation, therefore, served no useful purpose in the complaint, and doubtless was misleading to the court and jury, and the admission of the objectionable evidence in support of it,

when there was no testimony tending to show that the
foreman was intoxicated on the day of the injury, or that
his intoxication contributed thereto, or that any careless-
ness or inebriety on his part had anything to do with the
accident, must be regarded as prejudicial error. *King-
ston* v. *Ft. Wayne & E. Ry. Co.*, 70 N. W. R. 315;
*Carr* v. *West End Street Ry.*, 163 Mass. 360; *Williams*
v. *Edmonds*, 75 Mich. 92.

The appellant also insists that the court erred in refus-
ing its request to charge the jury, without modification,
as follows: "Though you may find from the evidence
that the stope in question was an unsafe and improper
place for the plaintiff to work, if you further find that
the plaintiff was a competent and experienced miner, and
knew, or by the use of reasonable diligence or precaution
should have known, of the dangerous and unsafe condi-
tion of said place, then I charge you that the plaintiff
assumed the risk of such dangerous and unsafe employ-
ment, and cannot recover from the defendant." This
was modified by adding thereto the clause, "unless you
further find that the promises and representations were
made by the defendant to the plaintiff, as testified by him,
and that the plaintiff relied thereon," and was then given
as part of the charge of the court. The plaintiff testified
that he worked at a place in the mine where the ground
was of such a character as to require it to be timbered;
that he had taken enough ground out to put in two half
sets, but that it was not his business to timber; that, about
two days before the accident, he told the foreman the
place was dangerous and he did not like to work there;
that the foreman said: "That ground is all right; just
go ahead and cut the ground out for two sets, and we will
put them in;" that on the day of and shortly before the
accident, he had a conversation with the shift boss and

told him the place was dangerous; that the shift boss said he should go ahead and work, that the ground was all right, that he would keep watch of it, and if it would need any timbering he would put it in.

The foreman and shift boss, when testifying for the defendant, denied that they had ever discussed the question, as to whether or not the place was safe, with the plaintiff, or that they had made any promises or representations to him respecting the place where he was working.

As will be observed, the testimony, to which the modified request referred, was conflicting, and the question was whether, under all the evidence, the plaintiff had assumed the risk of the dangerous condition of the place where he was working, and where the accident happened.

By the modification of the request, the court, in effect, charged the jury that, if they believed that the promises and representations were made to the plaintiff, as testified to by him, and that he relied thereon, then, as matter of law, he did not assume the risk, and that, if they found they were so made he was entitled to recover. This was an erroneous application of the law. It eliminated from the consideration of the jury the question of due care, on the part of the plaintiff, after the promises had been made, upon finding that they were made, and appears to make his reliance on the promises of the test regardless of the reasonableness of such reliance under the surrounding circumstances. Even if the promises and represantations were actually made, the plaintiff was still bound to exercise such care as a man of ordinary prudence, precaution and skill would exercise, if placed in a similar position, and if the place was so manifestly and immediately dangerous that a man of ordinary prudence would have refused to work there, then the plaintiff by continuing his employ-

ment, assumed the risk of its attending dangers, without regard to the promises and representations of the employer. *Mangum* v. *Bullion-Beck, etc., Min. Co.,* 15 Utah, 534.

Whether the respondent was justified in relying upon the promises and representations, if they were made, and whether he thereafter exercised such a degree of care as was commensurate with the dangerous condition of the place, notwithstanding the promises and representations, and whether he assumed the risk, were questions for the jury to determine, under all the facts and circumstances of the case. The promises and representations, if made, were circumstances to be considered by the jury in determining whether the plaintiff was exercising due care in working in a place where he knew there was danger, but did not authorize a recovery as matter of law. Bailey's Personal Injuries Relating to Master and Servant, Sec. 3074.

We are not only of the opinion that the instruction was erroneous in law, but also that the charge of the court, as a whole, was stated rather strongly against the defendant, and that the objectionable matter was not rendered harmless by other portions of the charge.

The motion for a non-suit, we think, was properly overruled.

When the plaintiff rested his case he had introduced evidence to show that the timbering, in the place where he was employed, was insufficient. He had shown that he had reported the dangerous character of the ground where he was working to the agents of his employer; that they promised to watch the place and timber it when necessary, and told him it was safe, and that he should continue his work; and that relying upon their promises and representations he continued to work and received the injuries of which he complained.

Without referring to the evidence more in detail on this point, it is sufficient to observe, that it was of such a character as to render its submission to the jury necessary.

We do not deem it important to discuss any other question presented.

The case is reversed and the cause remanded, with directions to the court below to grant a new trial. Costs to abide the result of the action.

ZANE, C. J. and MINER, J., concur: