F. N. COLE v. C. C. GRAY.

**No. 13,696.** (79 Pac. 654.)

SYLLABUS BY THE COURT.

1. DAMAGES — *Exemplary.* In an action where no actual damage is alleged or proved, no exemplary, or punitive, damages are recoverable.

2. ———— *Mental Suffering.* In an action where no physical injury is alleged or proved, no damages for mental suffering or anguish are recoverable.

3. PRACTICE, DISTRICT COURT — *Condition Precedent to Reopening a Case.* Where the plaintiff has introduced all the evidence he chooses to offer and has rested his case, and a demurrer to such evidence is interposed and properly sustained, it is not error for the court to condition the allowance of a motion of the plaintiff to reopen the case for the purpose of offering certain other specific evidence upon an undertaking of plaintiff's counsel to offer still further evidence shown to be immediately accessible, which is regarded by the court as essential. Upon the refusal of the plaintiff's attorney to comply with such condition, the court may deny the application to reopen, and render judgment for the defendant.

Error from Coffey district court; DENNIS MADDEN, judge. Opinion filed February 11, 1905. Affirmed.

*J. I. Wolfe,* for plaintiff in error.

*E. N. Connal,* for defendant in error.

The opinion of the court was delivered by

CLARK A. SMITH, J.: This action was brought by plaintiff in error against defendant in error, who was the postmaster at Le Roy, in the district court of Coffey county, to recover damages for the failure to deliver a postal card, when called for, which was addressed to him and was in the post-office at the time he called for it. No actual damage was alleged. The only damages claimed seem to have been for mental

45—70 KAN.

pain and anguish in failing to receive notice of the death of the plaintiff's father, and his consequent inability to attend the funeral.

The trial was had to a jury. The plaintiff introduced evidence that the postal card arrived at the post-office at eight o'clock A. M. on the 16th of the month; that he called for it five times thereafter before it was delivered to him on the afternoon of the 19th; that a woman, who was admitted to be the assistant postmaster, and a son of defendant were in charge of the office at these times; that plaintiff was prevented from attending his father's funeral by the failure to deliver the postal card the first time it was called for, on the 16th. Neither the duties nor the capacity of defendant's son in the post-office were shown; and no actual damage, if any, was shown.

A demurrer to the evidence of plaintiff was interposed, and sustained. The plaintiff immediately asked permission of the court to reopen the case for the purpose of proving by the assistant postmaster and the son of defendant that they were in the office and in charge thereof during the time alleged. The court remarked that such proof would be received if, in addition, counsel would show their duties. This not being offered, the request to reopen was denied. The errors complained of are the ruling upon the motion to reopen and the rendering of judgment for the defendant.

Assuming that the assistant postmaster and the defendant's son were in charge of the post-office for the purpose of delivering mail, and as employees of the defendant and not as appointed officials of the government, the evidence tended to show gross, if not wanton, negligence, and if any actual injury had been alleged and proved, as the evidence indicates there

Cole v. Gray.

might have been, actual damages might have been recovered, and in addition thereto exemplary, or punitive, damages.  Exemplary damages, however, cannot be recovered in the absence of actual damages. (*Schippel v. Norton*, 38 Kan. 567; *West v. Telegraph Co.*, 39 id. 93, 99, 17 Pac. 807, 7 Am. St. Rep. 530, and cases there cited.)

Damages for mental suffering and anguish, and this seems to be the only kind alleged or proved in this case, can only be recovered where the same are consequent to physical injuries.

After a party to an action has offered all his evidence and rests his case, and a demurrer thereto is interposed and sustained, a motion for leave to reopen the case for the purpose of offering further specific evidence addresses itself to the sound discretion of the court, and should be allowed or refused according as the ruling may be in the furtherance of justice. The only ground for reversing such ruling is that such discretion has been abused.  It is not error for the court to condition the allowance of such motion to reopen upon the offering of still further evidence, regarded by the court as essential; especially when such further evidence is known to be immediately accessible.

Surely where, as in this case, all of the evidence, including that produced, that sought to be offered, and that suggested by the court, would still fall short, considered in its most favorable light, of establishing any cause of action in favor of the plaintiff, there can be no error in denying the motion to reopen.

The judgment is affirmed.

All the Justices concurring.