GEORGE B. STEVENS, *Appellant*, V. THE CITY OF
ANTHONY, *Appellee*.

No. 16,432.

SYLLABUS BY THE COURT.

MOBS—*Destruction of Property—Reputation and Conduct of
Plaintiff—Mitigation of Damages.* In an action against a
city for damages occasioned by a mob through injury to the
person of a saloon keeper and the destruction of his liquors
and saloon fixtures and paraphernalia the conduct and repu-
tation of the keeper may be given in evidence in mitigation of
the damages to the property.

Appeal from Harper district court; PRESTON B.
GILLETT, judge. Opinion filed March 12, 1910. Af-
firmed.

*George E. McMahon*, for the appellant.
*George B. Crooker*, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The plaintiff sued the city for damages
resulting from personal injuries inflicted upon him by
a mob, and for damages resulting from the destruc-
tion of his property through the same agency. He re-
covered a verdict for $100, but is dissatisfied and ap-
peals.

The answer pleaded, in mitigation of damages, that the property destroyed consisted of saloon fixtures and paraphernalia, intoxicating liquors kept for unlawful purposes, and slot machines used for gambling and the exhibition of obscene pictures; that the plaintiff was a daily violator of law and a fugitive from justice, that he was addicted to the excessive use of intoxicating liquors and for many years had been a stranger to honest toil, and that his place of business was a corrupter of morals and a standing menace to the peace and good order of society.

Evidence was produced at the trial tending to sustain both the petition and the answer. With the general verdict the jury returned special findings of fact, which follow:

"Ques. Do you find that the reputation of George B. Stevens at the time of the destruction of said property was bad? Ans. Yes.

"Q. State the amount, if anything, you allow plaintiff for the personal injury. A. Nothing.

"Q. Do you allow the plaintiff any sum for the destruction of his personal property? If so, state the amount. A. Yes; one hundred dollars.

"Q. State the full value of all the personal property you are allowing for, if any, that was destroyed. A. One thousand dollars.

"Q. Do you mitigate the plaintiff's damages in any sum on account of his reputation and the character of the property, and the use made of the same? If so, what amount. A. Yes; nine hundred dollars."

The principal question is whether the jury had the right to mitigate damages for the destruction of the property because of the reputation and conduct of the plaintiff. The statute governing the case follows:

"SECTION 1. All incorporated cities and towns shall be liable for all damages that may accrue in consequence of the action of mobs within their corporate limits, whether such damages shall be loss of property or injury to life or limb.

"SEC. 2. In all actions under the preceding section, the character, use or manner of occupancy of the prop-

erty lost or destroyed, and the reputation and conduct of the person injured, may be given in evidence in mitigation of damages." (Gen. Stat. 1868, ch. 32; Gen. Stat. 1901, ch. 32.)

This statute is framed on the theory that whatever may have influenced the conduct of the mob may be shown in mitigation of damages. (*Adams v. City of Salina,* 58 Kan. 246.) Therefore, in the last analysis the question becomes one of relevancy. A man might be mobbed because he is the keeper of a notorious den of iniquity. In that event the character and use of his uninjured property might be considered. On the other hand, if the place should be demolished the conduct and reputation of the incorrigible keeper might be taken into account. In other instances person and property might be so unrelated that the character of one could have no mitigating influence in the event of injury to the other. In cases like this one the character and use of the property involve the conduct and character of the man. Property and man characterize each other. Together they tend to induce violent action by infuriated people. It is impossible to attribute the vented rage of a mob to either alone, and if one be injured the character of the other is relevant in mitigation of damages. When the wrath of a mob is visited upon both property and its owner or keeper the cause of action is single, the damage, though provable item by item, is gross, and the inducement, whether lying with the person or the property, or both, may be shown to mitigate whatever damages may result. The plain language of the statute is that the character and use of the property injured *and* the conduct and reputation of the person injured may be shown in mitigation *of damages*—that is, any damages the mob may cause.

The plaintiff's standing and that of his business were not improved because the city officials countenanced his operations. Doubtless that fact led the citizens to take the suppression of the place into their own

hands.   The precise character of the pictures displayed was a collateral matter.   The court can not say from the abstract that other claims of error are well founded.

The judgment of the district court is affirmed.