JOHN P. SONDEGARD, *Appellee*, v. F. H. MARTIN,
*Appellant*.

No. 15,855.

SYLLABUS BY THE COURT.

VERDICT—*Legality—Second Verdict for Same Amount as First,
which Included Illegal Items—Damages—Nominal—Exemplary*. In an action to recover for the alienation of the affections of the plaintiff's wife the jury first returned a verdict
awarding the plaintiff a nominal sum as actual damages and
also a considerable sum as exemplary damages. The court
directed the jury to retire again and return a general verdict
in proper form for one or the other of the parties. Shortly
afterward a verdict was returned in favor of the plaintiff
which was exactly the amount of the two items illegally
awarded in the first verdict. *Held*, that the second verdict is
invalid because it obviously includes only the items specified
in the first verdict.

Appeal from Shawnee district court. Opinion filed
November 5, 1910. Reversed.

*A. M. Harvey*, and *John V. Abrahams*, for the appellant.

*Robert J. Brock*, *Joseph G. Waters*, and *John C. Waters*, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action John P. Sondegard
sued F. H. Martin for alienating the affections of his
wife, and asked for damages in the sum of $5000. At
the conclusion of the trial the jury returned the following verdict: "We, the jury impaneled and sworn
in the above-entitled case, do, upon our oaths, find for
the plaintiff and assess his damage at actual $1, punitive $2000." The court was not satisfied with the form
of the verdict, and directed the jury to retire again and
bring in a verdict in proper form, saying to them that
"in cases of this kind, if your verdict is for the defendant, it should be for him generally; if for the

plaintiff, you should find a general verdict for the plaintiff. You may state separately, in addition, the elements of damage which form the lump sum agreed upon by you, but you do not have to do so." Shortly afterward the jury returned another verdict, in this form: "We, the jury impaneled and sworn in the above-entitled case, do, upon our oaths, find for the plaintiff and assess his damages at $2001." The amount of the damages found in the second verdict, as will be observed, is exactly the sum of the two elements of damages found by the first verdict. Upon the second verdict judgment in favor of Sondegard for $2001 was rendered. Martin appeals, and insists that error was committed in the admission of testimony, and that in any event, if a judgment is to be rendered against him, it should be based upon the first verdict and should not exceed $1. The contention is that the first verdict of the jury indicated with certainty the elements of their award; that the $1 allowed as actual damages was not a substantial award, but was only a nominal sum, and that under the rule which obtains in this state it furnishes no basis for the incidental award of exemplary damages. It is further contended that in the second, or final, verdict returned the jury did no more than combine the two elements specified in the first verdict, and that the second is therefore as invalid as the first.

The course of the proceedings strongly indicate, and the court is inclined to believe, that when the jury retired a second time and undertook to correct the verdict they obtained their result by simply adding the amounts previously found by them as actual and exemplary damages. If this were clearly shown by special findings which had been accepted and approved by the trial court the special findings would control, and judgment would be ordered for appellee in the sum of $1 notwithstanding the second verdict. It is clear that where the injury for which the action is brought is merely nomi-

nal, as an award of $1 would indicate, exemplary dam-
ages can not be allowed.   It has already been decided
that no one has the right to maintain an action for the
mere purpose of inflicting punishment upon a wrong-
doer, and if a party has no cause of action independent
of his claim for punitive damages he has no cause of
action at all.   If no real or substantial damages are
suffered no exemplary damages can be recovered.
(*Schippel v. Norton,* 38 Kan. 567; *Adams v. City of
Salina,* 58 Kan. 246; *Bank v. Grain Co.,* 60 Kan. 30;
*Cole v. Gray,* 70 Kan. 705.)

The two verdicts are clearly inconsistent, and it
would appear from the action of the jury that they
must have inferred from the instruction of the court to
bring in a general verdict for a lump sum that they
were only required to add together and return the items
of damages which they had already found.   For that
reason the second verdict can not be upheld.   Nor can
judgment be entered on the first verdict.   The findings
in the first were never accepted or approved by the
trial court and the appellee had no opportunity to test
their validity.   The jury may not have had a proper
conception of what constituted actual or exemplary
damages.   It does not appear that exemplary damages
were asked for by the appellee, nor that the jury were
instructed as to the nature of exemplary damages or
what would constitute a basis for such damages.   The
abstract does not contain either the instructions or the
testimony.

The objection to the admission of the testimony is not
deemed to be substantial, but for the error in the ver-
dict the case will be reversed and the cause remanded
for a new trial.