## WESTERN UNION TELEGRAPH CO. v. GARRETT.

No 6424—Opinion Filed May 29, 1916.

(158 Pac. 619.)

### 1. Telegraphs and Telephones—Transmission of Messages—Negligence.

G. sent a telegram from M. to his brother at C. notifying him of the serious illness of his brother at M. December 19, 1910, which was not delivered until called for January 7, 1911, long after his brother's death, and no excuse offered for failure to deliver. Defendant's agent at C. was well acquainted with plaintiff, to whom the telegram was sent, seeing him two or three times every day. Held, defendant was guilty of gross negligence amounting to a wanton and reckless disregard of plaintiff's rights.

### 2. Same—Actions—Evidence.

It is error to admit testimony showing defendant's agent at C. was in the habit of getting drunk, or was drinking at or about the time the telegram was sent, without showing that his drinking was the proximate cause of the loss and damage of which complaint is made, or had anything to do with the failure to deliver the telegram.

### 3. Damages—Exemplary Damages—Right to Recover.

Where plaintiff does not recover actual damages in an action for delay in delivering a death message, a verdict for exemplary damages alone should, upon proper application to the court, be set aside.

(Syllabus by Clay, C.)

Error from District Court, Hughes County; John Caruthers, Judge.

Action by R. E. Garrett against the Western Union Telegraph Company. Judgment for plaintiff, and defendant brings error. Reversed, and remanded for new trial.

R. J. Roberts, C. O. Blake, W. H. Moore, J. G. Gamble, K. W. Shartel, and Crump & Skinner, for plaintiff in error.

W. T. Anglin and Warren & Miller, for defendant in error.

Opinion by CLAY, C. For convenience the parties hereto will be referred to as plaintiff and defendant, as they appeared in the trial court. This suit was instituted in the district court of Hughes county, Okla., by the plaintiff, R. E. Garrett, against the defendant, the Western Union Telegraph Company, for failure of said defendant to deliver to him a telegram sent to him by his brother on the 19th day of December, 1910, from Monroe, Okla., to Calvin, Okla., which read as follows:

"Monroe, Oklahoma.

"To R. E. Garrett, Calvin, Okla.

"Your brother Huston bad sick; come on first train. John Garrett."

Plaintiff sues for actual damages in the sum of $3.25 and for exemplary damages in the sum of $1,500 for alleged gross negligence on the part of the defendant in wholly failing to deliver or make any effort to deliver said telegram. Defendant answered by general denial. Trial was had to a jury, and a verdict for plaintiff in the sum of $500,

upon which judgment was entered, and from this judgment defendant appeals to this court for a review of alleged errors. Defendant presents its argument upon two specifications of error, viz: (1) Motion for instructed verdict should have been sustained; (2) admission of incompetent evidence.

1. Treating the action as one sounding in tort. and we may say every presumption must be indulged in favor of the petition to construe it as such. then did the facts warrant a recovery? The uncontradicted evidence shows that John Garrett sent plaintiff a death message to Calvin. Okla., where plaintiff lived, and that plaintiff, in carrying on his business. that of a drayman, was in the office of defendant two or three times a day. The telegram was sent from Monroe, Okla., to Calvin, Okla., on the 19th day of December, 1910, and was never delivered until plaintiff called at defendant's office on the 7th day of January, 1911, when he was given a copy of the telegram. Plaintiff paid 25 cents for sending the telegram. His brother died on the 21st day of December, 1910. Some other evidence, with reference to the drunkenness of the defendant's agent at Calvin at or about the time of sending the telegram. was introduced. and some evidence of words between plaintiff and said agent some time prior to this time. which we think should have been excluded and to which we will refer later.

Actual damages having been proven in the sum of 25 cents. we think the court properly overruled defendant's motion for an instructed verdict. No effort was made to deliver this telegram, and no excuse offered for defendant's failure to deliver, and defendant offered no evidence.

Taking into consideration the intimate acquaintance of defendant's agent with plaintiff, that he was in the office two or three times a day. and that no mention was ever made of this telegram or explanation offered for a failure to deliver, we think the weight of authority authorized the court and jury to conclude that defendant was guilty of gross negligence amounting to a wanton disregard of the rights of plaintiff.

In the case of W. U. T. Co. v. Reeves, 34 Okla. 468, 473, 126 Pac. 216, Mr. Justice Sharp, in discussing the question of exemplary damages, says:

"It would seem to follow that a recovery for exemplary damages can only be had in case of wantonness, willfulness, recklessness, or malice, or where the negligence is so gross as to amount to wantonness or willfulness. and that, where the carrier's breach of duty is the result of mere mistake. or of simple as distinguished from gross negligence, and where there has been an honest effort to perform its duty, no recovery for other than actual damages can be sustained."

37 Cyc. 1793; W. U. T. Co. v. Crowley, 158 Ala. 583, 48 South. 381.

In the latter case it was held defendant was so grossly negligent as to evince an utter disregard of the feelings and rights of plaintiff.

In W. U. T. Co. v. Seed, 115 Ala. 670, 22 South. 474, and W. U. T. Co. v. Gilstrap. 77 Kan. 191, 94 Pac. 122, it was held that failure to deliver a telegram was negligence so gross as to show wanton and reckless disregard of the rights of plaintiff.

In W. U. T. Co. v. Lawson, 66 Kan. 660, 72 Pac. 283, in passing on the question of damages. the court says:

"The only remaining question. and in reality the only * * * one in this case is: Was there substantuated evidence in the case from which the jury could say * * * plaintiff was entitled to exemplary damages? The rule is too well settled in this. state to admit of modification or change that in all actions to recover damages for negligence, where actual damages are recoverable, the plaintiff is entitled to recover exemplary damages if the negligence is so gross as to amount to wantonness. Wiley v. Keokuk, 6 Kan. 94; Leavenworth L. & G. R. Co. v. Rice. 10 Kan. 426; K. P. Ry. Co. v. Kessler, 18 Kan. 523; S. K. Ry. Co. v. Rice, 38 Kan. 404 (16 Pac. 817, 5 Am. St. Rep. 766) ; West v. Telegraph Co., 39 Kan. 93 (17 Pac. 807, 7 Am. St. Rep. 530) ; A. T. & S. F. R. Co. v. Stewart, 55 Kan. 667 (41 Pac. 961)."

The term "wantonness," as here used, does not necessarily mean malice, but a reckless disregard of the rights of others.

In Telegraph Co. v. Lawson, supra, the court held.

"The evidence fairly tends to support the verdict of the jury in this case. The carelessness of the messenger boy in charge of this telegram. knowing as he did, that it was either a death message or some one was sick. cannot be excused or palliated, nor * * * reconciled with that degree of care required under such circumstances. * * * Had this messenger boy employed the most easily accesible agencies, he would have found Newby. His neglect to do this exhibits a reckless disregard of the rights of others, amounting to wantonness, for which the defendant was liable for such actual damages as were sustained by the plaintiff, as well as exemplary damages for its gross negligence. 12 Enc of Law (2nd Ed.) 13; Sutherland on Damages, 721-725 ; Cosgrill Bro. v. Miller, 10 Wyo.

190, 68 Pac. 206, 98 Am. St. Rep. 977; W. U. T. Co. v. Frith, 105 Tenn. 167, 58 S. W. 118; Gulf, etc., R. Co. v. Levy, 59 Tex. 542. 46 Am. Rep. 269; Ft. Smith & W. R. Co. v. Ford, 34 Okla. 575-581, 126 Pac. 745, 41 L. R. A. (N. S.) 745.

We think the carrier liable without regard to whether or not the corporation previously authorized or subsequently ratified the acts of its agent, when gross negligence arises during the performance of the principal's business. 37 Cyc. 1792, and cases in notes 43, 44, 45 and 46. But as this case must be reversed, we deem it unnecessary to multiply authorities, but will take up defendant's next assignment of error, the admission of incompetent evidence.

The plaintiff was permitted, over defendant's objection, to testify as to the operator being drunk from about December 18 to January 7, 1911, and one B. A. Carter was permitted to state that he "was drinking a right smart; he was intoxicated at different times." The admission of this testimony was prejudicial. The only questions for the court and jury were: Is the defendant liable, first, for actual damages? If so, then is it guilty of such gross negligence as entitled plaintiff to recover exemplary damages? Whether the agent was drunk or sober on occasions does not tend to establish negligence in any degree. Especially is this true when the evidence nowhere shows or tends to show that the agent was drunk on the day of the sending of the telegram, or that it in any way had anything to do with the failure to deliver the same. Miller v. Bullion-Beck & C. M. Co., 18 Utah, 358, 55 Pac. 58; Kingston v. Railway Co., 112 Mich. 40, 70 N. W. 315, 74 N. W. 430, 40 L. R. A. 131; Carr v. Railway Co., 163 Mass. 360, 40 N. E. 185; Williams v. Edmunds, 75 Mich. 92, 42 N. W. 534.

We think it necessary also to call the trial court's attention to our view that plaintiff cannot recover exemplary damages unless he shows first his right to recover actual damages. The trial court in its instruction said:

"* * * And, if he can recover at all in this action, it is for what is known in law as punitive or exemplary damages by way of punishment or smart money for the gross and wanton negligence on the part of defendant's agent at Calvin in failing to deliver the telegram to the plaintiff."

Plaintiff was thus confined solely to the right to recover exemplary damages, and the jury told, in effect, that no actual damages were recoverable. The evidence seems to have shown that plaintiff suffered actual damage in the sum of 25 cents which he had paid the company by his agent, and by him repaid.

In the case of Schippel v. Norton, 38 Kan. 567, 16 Pac. 804, Mr. Justice Valentine said:

"Exemplary damages can never constitute the basis of a cause of action. They are never more than incidents to some action for real and substantial damages suffered by the plaintiff; and when given they are given only in addition to the real and actual damages suffered and recovered by him; and when given they are not given upon any theory that the plaintiff has any just right to recover them, but are given only upon the theory that the defendant deserves punishment for his wrongful acts, and that it is proper for the public to impose them upon the defendant as punishment for such wrongful acts in the private action brought by the plaintiff for the recovery of the real and actual damages. * * * He has no right to maintain an action merely to inflict punishment upon some supposed wrongdoer. If he has no cause of action independent of a supposed right to recover exemplary damages, he has no cause of action at all. As lending support to the foregoing views, we would refer to the following cases: Gilmore v. Mathews, 67 Me. 517; Freese v. Tripp, 70 Ill. 496; Ganssly v. Perkins, 30 Mich. 492; Maxwell v. Kennedy, 50 Wis. 645-648 (7 N. W. 657.)"

See, also, 13 Cyc. 109, and cases cited in note 83; Adams v. Salina, 58 Kan. 246. 48 Pac. 918; Sutherland on Damages (2d Ed.) sec. 406; Hoagland v. Forest Park, etc., Co., 170 Mo. 335, 70 S. W. 878, 94 Am. St. Rep. 740; Cole v. Gray, 70 Kan. 705, 79 Pac. 654; Sondegard v. Martin, 83 Kan. 275, 111 Pac. 442.

For the reasons given, we recommend that this cause be reversed and remanded for a new trial.

By the Court: It is so ordered.