## WESTERN UNION TELEGRAPH CO. v. CATES.

No. 7011—Opinion Filed Jan. 2, 1917.

Rehearing Denied May 15, 1917.

(164 Pac. 779.)

1. **Damages—Punitive Damages—Grounds.**
   In an action for the breach of an obliga-

tion not arising from contract, exemplary or punitive damages can be recovered, in addition to the actual damages, only where the defendant has been guilty of oppression, fraud, or malice, actual or presumed.

2. **Same—Tort—Evidence.**
   To authorize a recovery for exemplary or punitive damages, in an action sounding in tort, the evidence must show some element of oppression, fraud or malice; i. e., the act which constitutes the cause of action must have been actuated by or accompanied with some evil intent, or must have been the result of such gross negligence as is deemed equivalent to such intent.

3. **Telegraphs and Telephones—Failure to Deliver Messages—Gross Negligence—Punitive Damages.**
   The evidence in this case fails to show that the conduct of the defendant, which is alleged as the cause of action, was actuated by or accompanied with any evil intent, or was such gross negligence as is deemed equivalent to such intent.

(Syllabus by Campbell, C.)

Error from District Court, Osage County; R. H. Hudson, Judge.

Action by J. W. Cates against the Western Union Telegraph Company. Judgment for plaintiff, and defendant brings error. Reversed.

Preston A. Shinn and George H. Fearons, for plaintiff in error.

H. P. White, for defendant in error.

Opinion by CAMPBELL, C. In the court below, J. W. Cates, who was the plaintiff, recovered exemplary damages against the Western Union Telegraph Company, the defendant, for the failure to deliver a death message. From that recovery, the defendant has appealed and presents to this court the question of the sufficiency of the evidence to sustain such a recovery. In addition to such exemplary damage, actual damage in the sum of 32 cents was presumably allowed by the jury. The defendant at the trial offered to pay the amount of actual damages claimed by the plaintiff and the costs accrued to the time of such offer, but such offer was refused, and the trial resulted in a judgment for the plaintiff for $500, which amount, less 32 cents, was exemplary damages.

The contention in this court is that the evidence was insufficient to warrant any recovery as exemplary damages, and that the trial court erred in refusing to require the plaintiff to accept the offer made by the de-

fendant at the trial, and in permitting any recovery as exemplary damages.

Under section 2851, Rev. Laws 1910, exemplary or punitive damages can be recovered in an action for. the breach of an obligation not arising from contract only where the defendant has been guilty of oppression, fraud, màlice, actual or presumed. ' This action cannot· be treated by the plaintiff as one for breach of a contract and the recovery of exemplary damages upheld on any theory, for to do so would do violence to the general rule that exemplary damages can never be recovered for the mere breach of contract irrespective of the motive on the part of the defendant which prompted the breach, except in certain cases which are exceptions to the general rule and in cases where the statute specifically authorizes such recovery. This case comes within none of such excepted cases. Therefore the action, so far as the exemplary damage feature of it is concerned, must be treated as one sounding in tort.

Treating the action as being one in tort, can a recovery of exemplary or punitive damages be sustained under the evidence in the case? Under the section of the statute, supra, as construed by the decisions of this court, which are in harmony with the leading decisions upon this question, to authorize a recovery of exemplary or punitive damages, the evidence must show some element of oppression, fraud, or malice; that is, the act which constitutes the cause of action must have been actuated by or accompanied with some evil intent, or must have been the result of such gross negligence as is deemed equivalent to such intent. Chicago, R. I. & P. R. Co. v. Wells, 56 Okla. 599, 156 Pac. 314; Western Union Telegraph Co. v. Garrett, 59 Okla. 50, 158 Pac. 619; Western Union Telegraph Co. v. Reeves, 34 Okla. 468, 126 Pac. 216, and cases cited therein. It is true that in the case of Western Union Telegraph Co. y. Garrett, supra, the court held the evidence sufficient to warrant the submission of the question of exemplary damages to the jury for determination, but there is nothing in that case which militates against the general and uniform rule as above stated. In that case the court, in passing upon the sufficiency of the evidence, said:

"Taking into consideration the intimate acquaintance of defendant's agent with plaintiff, that he was in the office two or three times a day, and no mention ever made of this telegram or explanation offered for a failure to deliver, we think the weight of authority authorized the court and jury to conclude that defendant was guilty of gross negligence amounting to a wanton disregard of the rights of plaintiff."

As we read the decisions, it is not every case of grossly negligent conduct which will warrant the infliction of exemplary or punitive damages, but the authorities seem to uniformly require that the conduct which constitutes the gross negligence must have been actuated by or accompanied with some evil intent, or such conduct must have been of a character so grossly negligent as to be deemed equivalent to such intent. We have read the evidence in this case with a view of determining whether the conduct of the defendant's .agent, in the matter of delivering the death message, constituted gross negligence. There can be no question but that the defendant's agent was guilty of negligence under the evidence in this case. But such determination does not materially assist in the solution of the question presented in this appeal. It must be determined from the evidence that the defendant's agent was guilty of gross negligence before the question becomes complex to any degree. Our statute (section 2919, Rev. Laws 1910) defines gross negligence as follows: "Gross negligence is the want of slight care and diligence." Section 2917, Rev. Laws 1910, defines slight care and diligence as follows: "Slight care or diligence is such as persons of ordinary prudence * * * exercise about their own affairs of slight importance."

Taking these definitions as a guide, and measuring the conduct of the defendant's agent by them, what conclusion must we reach? The evidence upon the question as to what was done by the defendant's agent in attempting to make delivery of the message in question is not disputed. The telegram was addressed to W. T. Williams. The messenger boy testified that he was given the message by the agent for delivery to the addressee, and that after he received it he took it to a person living on Ninth street in the city of Pawhuska by the name of Williams, and tried to deliver it, but was told that it was not for such person; that he did not leave the message there, but brought it back with him, and made inquiries on the streets if anybody had seen the man Williams whose name was on the message; that he did not know the man whose name was on the message; that he brought the message into the office and told the agent that he could not locate the man anywhere; that the agent told him to try again, and he took the message and tried to deliver it the second time, and after inquiring around he took the message back to the office, and had never seen the message since then; that he took

the message to the person on Ninth street because inquiry had been made at the office for a message for a Mrs. Williams who was visiting on Ninth street just a day or two before this message came, and. when it came he thought it was the message which this woman was expecting, and he. took it to the house where she was visiting, and she signed for it, but when she opened it she said it was not for her, and gave it back to him. There was introduced in evidence the delivery sheet showing the delivery of the message to Mrs. Williams on the morning the message was received, which she gave back to the messenger boy after reading it and finding out that it was not for her. The plaintiff showed that the addressee had lived in Pawhuska for two years prior to the date of the receipt of the message, and had all that time worked at the light plant, and was the engineer of the plant; that his name was in the city directory, and that a phone was in the office of the light plant; that the message was not delivered to him for five or six days after it was received at the office in Pawhuska; and that he had to call at the office of defendant before he got the message. The evidence showed that the message as received gave the address of the sendee as being Pawhuska, c/o Electric Light Plant, but such address was not placed upon the copy which was made and which was attempted to be delivered. Neither the messenger boy nor the agent knew W. T. Williams to whom the message was addressed.

We must say that the agent of the defendant made some effort to deliver the message in good faith. He perhaps did not make the effort that a person of ordinary prudence would have made, but he did exercise slight diligence to make the delivery of the message to the addressee, and acted in the matter of making delivery of the message as if it were a matter of slight importance. His conduct was such as might reasonably be expected of ordinarily prudent persons in matters of slight importance to themselves.

We therefore are of the opinion that the defendant exercised slight care and diligence in endeavoring to make delivery of the message in question, and that no exemplary damages were recoverable under the rule announced in the case of Western Union Telegraph Co. v. Reeves, supra. We arrive at this conclusion from the uncontradicted evidence in the case, and hold that the evidence is insufficient to support any verdict for exemplary or punitive damages. The trial court should have required the plaintiff to accept the offer of the defendant to pay the actual damages which were sued for by the plaintiff, and the defendant should have paid

the costs to that date, and judgment should have been rendered for such amount only.

The judgment appealed from is reversed, and this cause remanded to the trial court, with directions to enter judgment in accordance with this opinion.

By the Court: It is so ordered.