## ADAMSON v. ALLENDE, Adm'r.

No. 22370. Oct. 30, 1934.

Rehearing Denied Dec. 27, 1934.

L. M. Poe, E. J. Lundy, R. E. Morgan, and H. R. Duncan, for plaintiff in error.

O. H. Searcy and J. B. Underwood, for defendant in error.

BAYLESS, J. J. H. Allende, administrator of the estate of Crescenciano Lopez, deceased, hereinafter called plaintiff, filed an action in the district court of Tulsa county, Okla., against Henry Adamson, doing business under the firm name and style of Henry Adamson Coal & Mining Company, hereinafter called defendant, to recover damages for the death of the deceased; and, upon damages in the amount of $4,750 being awarded the plaintiff, the defendant brought this appeal.

The plaintiff alleged generally three states of negligence on the part of the defendant as causing the death of the deceased: (1) Failure to furnish a safe place in which to work (consisting of omissions of statutory duties); (2) failure to furnish competent foreman, assistant foreman, and fire boss; and (3) failure of the foreman or assistant foreman or fire boss to examine the mine, or an incompetent examination thereof.

The testimony on the part of plaintiff showed that deceased and his "buddy" had worked in a certain room on the day before the fatality. They had finished this work about eleven o'clock of that day, because they had completed their stint and more coal could not be cut until water had been pumped out of the room. Apparently the room was very small in size. There is a conflict as to whether it was practicable to timber or prop the roof, and whether timbers and facilities to do this had been furnished. On the day of the accident the deceased, his "buddy," and fire boss went into the mine together and into the room where they had worked on the day previous. No coal had been cut in the room and there was about two inches of water on the floor, rendering it impossible to work in the room that day. The "buddy" left the deceased and fire boss and proceeded down the slope of the mine a distance, variously estimated from 15 to 35 feet away.

The attention of the fire boss was called to an overhanging rock in the roof of the room. The buddy observed the deceased and the fire boss standing at the entry to the room, and observed the fire boss examining the overhanging rock by tapping it with a pick. He testified on direct examination he could not hear what the fire boss said to deceased when he had finished the inspection of the rock, but, on cross-examination, he said he could hear what was said, and did hear the fire boss pronounce the rock safe. The deceased then went into the room, but came out and walked down the slope to where his buddy was standing and told him that they were to clean the slope and crossing at that point, which was about 30 feet from the entry to the room. The deceased then went back into the room, presumably to get his pick, and, as he was coming out of the room, the rock fell on him and killed him.

Several assignments of error are urged in the brief of plaintiff in error, but since it will be necessary to reverse the case because

of the improper admission of evidence, we deem it unnecessary to discuss these questions.

We feel that the judgment in this cause must be reversed because of the error of the trial court in admitting in evidence testimony touching upon the general competency of the fire boss. Nowhere in the record is there any evidence to establish negligence, incompetency, or carelessness of the fire boss in making the inspection testified to.

By the provisions of section 7540, C. O. S. 1921 (11157, O. S. 1931), a State Mining Board is created with authority to grant certificates of competency to certain overseers or persons of authority in mines. By section 7542, C. O. S. 1921 (11159, O. S. 1931), it is made unlawful for anyone to act in certain capacities in mines, including fire boss, without having obtained a certificate of competency. By sections 7543-7549, C. O. S. 1921 (11160-11169, O. S. 1931), inclusive, the granting of certificates, the contents of certificates, the records thereof, the effect of certificates, and the power to revoke them are provided for.

The record in this case discloses that the fire boss held a certificate of competency from the State Mining Board of Oklahoma, issued only a few months before the death of the deceased.

The testimony introduced by plaintiff with reference to this particular fire boss tended to show that he was an habitual user of intoxicants; that he was often about the mine and about the performance of his duties in an intoxicated state; that he was oftentimes asleep in the mine; that he was generally regarded by the employees as being a careless and reckless individual.

The record in the instant case does not disclose that the fire boss was incompetent on this occasion by reason of drunkenness or former misconduct or neglect of his duties as fire boss. The defendant objected strenuously to the introduction of this testimony unless it was connected up with the particular acts of the fire boss in relation to the death of the deceased. As we have said before, the court admitted this evidence as tending to show the general incompetence of the fire boss only.

The general rule relating to such evidence is found in Western Union Telegraph v. Garrett, 59 Okla. 50, 158 P. 619, when we said:

"It is error to admit testimony showing defendant's agent at C. was in the habit of getting drunk, or was drinking at or about the time the telegram was sent, without showing that his drinking was the proximate cause of the loss and damage of which complaint is made, or had anything to do with the failure to deliver the telegram."

This general rule has even a more strict application with reference to employees whose competency to hold their position must be established by some legal authority and not the employer. In the case of Folsom Morris Coal Mining Co. v. Scott, 107 Okla. 178, 231 P. 512, we said:

"The plaintiff in error next complains of the action of the trial court in admitting over its objection certain alleged incompetent testimony. It is the theory of the plaintiff that the defendant was negligent in employing and retaining in its employment an incompetent engineer; that the defendant knew that he was incompetent prior to the accident and admitted to such knowledge through its foreman after the accident. (We omit the evidence quoted.) This testimony was improper and should have been excluded. Section 7548, Comp. Okla. Stat. 1921, provides: 'A certificate of competency shall entitle the holder thereof to accept and discharge the duties for which he is thereby declared qualified at any mine where his services may be desired.' It is undisputed that this engineer was the holder of a certificate of competency from the State Mining Board. This is a board constituted for the very purpose of determining whether or not certain officers are competent. It is a violation of law punishable by fine and imprisonment for any person to act as mine manager, superintendent, pit boss, hoisting engineer, or fire boss without first having obtained a certificate of competency from this board. The selection of an employer is limited to a certain class of persons who have been examined by the State Mining Board and whose qualifications have been legally and officially determined. When an employer has selected such a person, he is protected by law from any allegations of general incompetency, not connected with the particular act complained of."

We feel that the court erred in admitting this testimony in evidence, and we are of the opinion that such evidence was prejudicial to the rights of the defendant and constituted prejudicial error, and for this reason we must reverse and remand the cause for a new trial.

RILEY, C. J., and SWINDALL, OSBORN, and BUSBY, JJ., concur. WELCH, J., dissents.