Chester ARMBRUSTER, Appellant,

v.

THETIS ENERGY CORP., et al., Appellees.

No. 58879.

Court of Appeals of Oklahoma, Division No. 4.

Oct. 4, 1983.

Rehearings Denied Jan. 17, 1984.

Certiorari Denied Jan. 17, 1984.

Released for Publication by Order of Court of Appeals Jan. 27, 1984.

---

Harold Logsdon, Baker, Logsdon & Phelps, Kingfisher, for appellant.

Gregg R. Renegar, Larry D. Thomas, Kornfeld, Satterfield, McMillin, Harmon, Phillips & Upp, Oklahoma City, for appellees Phoenix Energy Corp. and Theodore S. Pribyl.

BRIGHTMIRE, Presiding Judge.

Do the stipulated facts in this case disclose that plaintiff released a valid oil and gas lease while laboring under a mistake of a material fact which requires cancellation of the release?

The trial court held they did not. We hold they do and reverse the trial court's summary judgment in favor of two defendants who obtained or hold the release.

I

The facts are that plaintiff, Chester Armbruster, owned an undivided ⅛th interest in two oil and gas leases executed by defendant lessor, Theodore Pribyl, on August 12, 1975. One lease covered the northeast quarter of a certain Garfield County section which we will refer to as Tract II. The other lease covered the east 130 acres in the adjoining northwest quarter. This one we will call Tract I. The primary term of both leases was due to expire August 12, 1979.

On June 1, 1979, as a result of various assignments, Thetis Energy Corporation[1] owned an undivided ⅞th interest in the leases and plaintiff owned the other ⅛th interest. On August 9 Thetis spudded in on Tract I. The drilling ended August 27 and the well, Pribyl 19–1, was completed as a producer on November 6.

In the meantime on September 9, Pribyl and his wife executed an oil and gas lease on Tract II in favor of Phoenix Energy Corporation, whose president was Pribyl's son-in-law.

Shortly after the expiration of the primary term of the leases plaintiff's office received a telephone call from an attorney for Phoenix Energy asking for a release of plaintiff's interest in the Pribyl lease. Defendants say they requested a release of only Tract II, but plaintiff's office interpreted the request as pertaining to both leases since they were executed at the same time and had the same expiration date. Because the primary term had expired and plaintiff had no knowledge of the producing well on Tract I, he complied with the request and executed a release of both leases.

The following July (1980) plaintiff was contacted by some attorneys representing Thetis Energy and it was then he learned for the first time of the oil well on Tract II. On August 25, 1980, Thetis Energy sent plaintiff an authorization for expenditure form covering the drilling and completion costs of Pribyl 19–1. Plaintiff corrected an error on the form and executed it as to his ⅛th interest. Later, however, he was informed by Pribyl's lawyer that Pribyl was not treating the earlier release as a mistake, but a valid and binding release giving Pribyl the ⅛th interest. Pribyl offered to execute a new lease to plaintiff on subject acreage for additional consideration. Plaintiff rejected the offer. Pribyl then executed a lease of Tract I to Phoenix Energy.

Plaintiff filed this lawsuit to cancel the release he executed on Tract I and for punitive damages, attorneys fees and other appropriate relief. The trial court, after making some 12 "findings" of fact, granted Pribyl and Phoenix a summary judgment based on the conclusion that plaintiff "waived his right to object to [the] release

[1]. Thetis Energy was originally named a defendant in the case but was dismissed by the trial court.

..." and that defendants "relied on the release ... and changed their position in accordance therewith."

## II

To begin with the stipulated facts do not justify the conclusions reached by the trial judge. We find nothing in the facts stipulated to by plaintiff and defendants Pribyl and Phoenix Energy suggesting that plaintiff "waived his right to object to [the] release."

With regard to the reliance and altered position conclusion, it takes a little more than mere reliance and some change of position to defeat plaintiff's right to relief. There must be an innocent reliance in good faith—that is, a reliance without notice or knowledge of facts which would suggest the probability of an invalid release—coupled with a position alteration that could not be reversed without significant prejudice. The parties did not stipulate that neither Pribyl nor Phoenix Energy knew of the Pribyl 19–1 when the latter requested a release of the Tract II lease and received a release of both tracts. In any event Phoenix admitted that both it and Pribyl knew of the well and they also knew plaintiff was claiming he executed the Tract I release while laboring under the mistaken notion that the lease had terminated before Pribyl executed a lease on Tract I to Phoenix Energy—the only change of position mentioned in the stipulation.

The bottom line is that Pribyl received and is trying to retain a windfall ⅛th interest in the Tract I lease. And Phoenix Energy who supposedly "bought" the ⅛th interest from Pribyl acquired the interest with notice of plaintiff's claim.

## III

▮ We hold that when a lessee executes a release of an oil and gas lease under the mistaken belief that the lease has expired, such release may be canceled where to do so will not offend the rights of innocent purchasers for value.[2] Equity can, and, under the circumstances of this case, will cause to be done what Pribyl was morally obligated to do when he first learned of the release—ask plaintiff if he realized he was relinquishing an interest in an oil producing lease—and upon receiving a negative response return the release to plaintiff.

## IV

▮ The petition also seeks punitive damages for the willful and oppressive act of defendants in clouding and slandering plaintiff's title.

Punitive damages may not be the subject of a separate cause of action. If they are to be recovered at all it must be in connection with a cause for compensatory damages. If, as here, no compensatory damages are sought, or, if sought, none are awarded, then no punitive or exemplary damages can be recovered.[3]

## V

The summary judgment for defendants is vacated and plaintiff is hereby granted judgment canceling subject release of the Tract I lease, quieting his title to the ⅛th interest in question against both defendants, perpetually enjoining them from claiming any part of plaintiff's interest and ordering them to release of record anything they have filed that would tend to cloud or slander plaintiff's title to subject interest.

The costs of this action are taxed against the defendants.

DE MIER and STUBBLEFIELD, JJ., concur.

**2.** *Humble Oil & Refining Co. v. Chappuis,* La.Ct. App., 239 So.2d 400 (1970); *Mobil Oil Corp. v. Flag-Redfern Oil Co.,* Okl.App., 522 P.2d 651 (1973); 15 O.S.1981 § 63.

**3.** *Davidson v. First Bank and Trust Co., Yale,* Okl., 559 P.2d 1228 (1976), *modified,* 609 P.2d 1259 (1977); *Western Union Telegraph Co. v. Garrett,* 59 Okl. 50, 158 P. 619 (1916).