805 F.2d 929
 O.G. HARPER, C.E. "Dick" Gage, Betty L. Gage, Michael G.
Harper, Stephanie R. Harper, W.R. Allam, Carl H. Allam,
Barbara Kincaid, Delmar Kincaid, W.R. Allam, Jr., and Susan
Allam, Plaintiffs-Appellants,
v.
CONTINENTAL OIL COMPANY, INC., and its unknown trustees,
creditors, assigns, and grantees, Defendant-Appellee.
 No. 84-2591.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 25, 1986.
 
 David G. Shriver of Johnson, Shriver & Kinzel, McPherson, Kan., for plaintiffs-appellants.
 Charles J. Woodin of Foulston, Siefkin, Powers & Eberhardt, Wichita, Kan., for defendant-appellee.
 Before LOGAN, SETH and SEYMOUR, Circuit Judges.
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from grant of summary judgment in favor of defendant, Continental Oil Company (Conoco), in a quiet title action removed on diversity grounds to federal court. Conoco owned an oil and gas lease on a 160-acre tract in Kansas. Conoco drilled several producing wells, extending the initial term of the lease. In 1949 and 1950 Conoco assigned the working interest in 110 acres of the lease to third parties, retaining in the assignment a 1/16 overriding royalty interest (of the 7/8 working interest).
 
 
 3
 When Conoco decided to abandon the wells on the remaining 50-acre tract it executed and recorded a release. There was no consideration for this release other than may be implied from the general industry custom and the statutory duty, see Kan.Stat.Ann. Sec. 55-201, requiring lessees to execute releases to clear title when they abandon a mineral lease. By Conoco's mistake the release purported to release all of Conoco's interest in the entire 160-acre tract.
 
 
 4
 Plaintiffs later acquired a working interest in the 110-acre tract in which Conoco had retained an overriding royalty. For some years plaintiffs and their predecessors in interest dealt with Conoco on the basis that Conoco owned the overriding royalty interest. Apparently after discovering the breadth of the wording in the recorded release, plaintiffs sought a quiet title declaration that the release applied to the overriding royalty interest in their 110-acre tract.
 
 
 5
 On cross-motions by the parties for summary judgment on stipulated facts, the district court found that, although the release by its terms extinguished the overriding royalty interest, the inclusion of the entire property subject to plaintiffs' lease in the release was clearly a mistake, and the release consequently should be reformed. Accordingly, the court granted Conoco's motion for summary judgment and ordered reformation of the release to include only the 50-acre tract intended to be subject to the release.
 
 
 6
 Plaintiffs' principal contention on appeal is that reformation is not available because no mutual mistake of both parties was shown. Whether we treat this under the rules applicable to gratuitous transfers of interests in land or under contract principles, we must affirm.
 
 
 7
 A release generally denotes cancellation of the leasehold in favor of the landowner. At the time this release was executed the only lease to which Conoco held full title was for the 50-acre tract. It had assigned the working interest as to 110 acres; Conoco's overriding royalty was reserved in that assignment, which was binding on the assignee and its successors. Thus a possible construction of the release would be that it surrendered back to the landowner the lease Conoco held at that time on the 50-acre tract, and only that leasehold interest.
 
 
 8
 Insofar as the release is viewed as a gratuitous transfer of more than the lease Conoco held on the 50-acre tract, reformation is available even for unilateral mistake. See Dodge v. United States, 413 F.2d 1239, 1242 (5th Cir.1969) (mutual mistake requirement is inapposite in transfer of real property without consideration). Moreover, if the release is construed to apply to the 110 acres, there was mutual mistake in the sense that all interest holders believed, and acted upon their belief for some years after the release, that Conoco held an overriding royalty interest with respect to the 110-acre lease plaintiffs had acquired. See Pan American Petroleum Corp. v. Kessler, 223 F.Supp. 883, 885 (E.D.La.1963); Armbruster v. Thetis Energy Corp., 675 P.2d 476 (Okla.Ct.App.1983).
 
 
 9
 We do not believe that laches bars the reformation, as plaintiffs claim. Delay alone without prejudice will not give rise to laches. Schraft v. Leis, 236 Kan. 28, 35, 686 P.2d 865, 873 (1984). The stipulated record states that there was no detrimental reliance by any purchaser based on the erroneous wording of the release. To hold for plaintiffs would give them a windfall and discourage the laudatory practice of lessees giving partial releases.
 
 
 10
 AFFIRMED.